## HENRY BEDELL *v.* THE STATE OF MISSISSIPPI.

1. CRIMINAL LAW — PARTY MAY BE CONVICTED OF AN INFERIOR CONSTITUENT OFFENSE. — The Rev. Code of 1871, § 2809, provides that a defendant in a criminal prosecution may be convicted of any offense necessa-

rily included in the offense charged in the indictment; *held*, that under an indictment for an assault with intent to kill and murder, the accused may be convicted of a common assault.

2. SAME — UNNECESSARY DESCRIPTIVE WORDS IN A VERDICT WILL NOT VI-TIATE IT — CASE IN JUDGMENT. — The accused was indicted for an assault with intent to kill and murder, the jury found the accused not guilty as charged in the indictment, but guilty of "assault in an attempt to commit manslaughter:" *held*, that the verdict is good as a finding as to the "assault," leaving off, as surplusage, the descriptive words "in an attempt to commit manslaughter," hence the finding, under the law, was for a misdemeanor only, and accused should have been so punished.

ERROR to the Circuit Court of Colfax County. Hon. J. A. ORR, Judge.

The plaintiff in error was indicted for an assault and battery with intent to kill one William Steel, at the August term, 1873, of the circuit court of Colfax county; at the August term, 1874, he was tried, and the jury returned a verdict as follows: "Guilty of assault in an attempt to commit manslaughter," and the court sentenced him to two years' imprisonment in the penitentiary. A motion was made for a new trial, which was, by the court overruled, and the case came to this court on a writ of error.

*White & Bradshaw*, for plaintiff in error.

1. The defendant was convicted of a misdemeanor only, and not a felony, and in support of this view we cite Gibson v. The State, 9 George, Miss. 310–11–12.

We contend, however, that in the case at bar there was no conviction at all, for if the jury intended to convict defendant of an assault, they could only do so after they had returned a verdict of *not guilty* of an assault and battery with intent to kill and murder as charged, for every assault and battery with intent to kill, includes an assault, but before the jury can return a verdict of guilty of an assault, they must return a verdict of not guilty as charged with intent to kill and murder.

In Gibson's case *supra*, the court saw the necessity of this kind of verdict, and had it corrected by the jury. If, however, the court

should think that defendant was convicted of a felony, and not a misdemeanor, then we contend that he was convicted of an entirely different offense from the one charged against him, and for which he was tried. Rev. Code, 1871, § 2497, p. 552.

The section above referred to, defines two distinct offenses ; one " assault with intent to kill," and the other, " assault in the attempt to commit manslaughter," and the lesser is not included in the greater ; the gist of one is the intent, and the other is the act ; that is, the attempt, the last, may be punished without the specific intent, which is necessary in the former.

2. We further submit that § 2497, *supra*, is not constitutional in this, that it does not give the defendant the right of a jury trial. See sec. 7, art. 1 of the constitution of Mississippi. It leaves the discretion with the judge to say whether a certain act is a felony or a misdemeanor. The jury may convict the defendant of a misdemeanor, and the judge may sentence him for a felony ; this is a trap that may catch the defendant or the jury, which the constitution intended to guard against.

*G. E. Harris*, attorney general, for the state.

The plaintiff in error was indicted for " assault with intent to kill," and was convicted for " assault in an attempt to commit manslaughter," and sentenced to two years' imprisonment as for a felony.

The case of Gibson v. The State, 38 Miss., 310, is referred to by counsel for the defendant. The case of Gibson was under the Code of 1857, p. 575, he was indicted for the same offense, and the verdict was the same as in the case at bar ; but the difference is that there is quite a difference in the statute of 1857 and that of 1871 ; at the time Gibson's case was tried, the court doubted if there was such an offense known to the statutes of this state, and so the court held that the finding of the jury was good for a mere assault. That trial took place in 1859, and under the Code of 1857. The legislature on the 2d of February, 1860, passed an act creating the offense *malum prohibitum.* Acts of 1860, p. 284. This act

was carried into the Revised Code of 1871. See sec. 2497. It will be observed that Gibson's case rests upon a different statute, and is no precedent for this case. On an indictment for any offense, the jury may find the defendant guilty of an inferior offense, necessarily included in the offense charged. Rev. Code, 1857, p. 622 ; Rev. Code, 1871, § 2809.

A party indicted for murder may be convicted of manslaughter, because the latter is necessarily included in the former. This being true, it seems to me to be also true, that a party indicted for an "assault with intent to kill and murder," may be convicted, under our statute, of an "assault in the attempt to commit manslaughter." Is not the latter necessarily included in the former. I am at a loss to see any distiction in the two cases. In the last case here stated, the accused cannot commit the former offense without doing and being guilty of every thing necessary to constitute the latter offense ; if this be true, it is necessarily included. As in the case of robbery, a party cannot be guilty of robbery without doing everything necessary to complete the crime of larceny ; then the latter is necessarily included. The instructions asked by plaintiff in error were too broad and general. See Riggs' case, 4 Cushman, p. 51 ; John's case, 24 Miss., 569.

SIMRALL, J., delivered the opinion of the court.

The indictment charges an assault with intent to kill and murder. The jury found the defendant guilty of an assault in attempt to commit manslaughter. If the latter offense is included in the former, the conviction is right. In Brantley v. the State (1850), 13 S. & M., 470, the first count was "with intent to murder" (as in this case) ; the second count was for an assault and battery. The verdict was guilty on the second count, and the question was, what, if any, sentence could be pronounced. The conviction was sustained under the statute providing that when the offense charged consists of different degrees, the jury may find a verdict of guilty of an inferior degree of such offense. It was said the

jury might under the first count, have found a verdict of not
guilty of assault and battery with intent to murder, but guilty of
an assault and battery.

In the construction of this statute, it has been held that the
specific intent charged, must be proved.  As if it be to "murder
A.", proof of intent to murder "B." will not do, for here the in-
tent charged is not supported by the proof.  Jones v. State, 11 S.
& M., 317; Morgan v. State, 13 S. & M., 243–4–5; Barcus v.
State, 49 Miss., 18.  The very point under discussion was decided
in Morman v. State, 24 Miss., 55–6–7, under statutes very similar
to those now in force.  The indictment charged an assault  *  *
with intent to murder; the verdict was guilty of assault with in-
tent to commit manslaughter.  The 33d section of the Peniten-
tiary code, Hut. Code, 960, defined the crime of assault with in-
tent to kill, very much as the present statute, and prescribed the
punishment, not to exceed ten years' confinement in the peniten-
tiary.  The 36 art. Hut. Code, 961, provided that any person who,
shall be convicted of an asssault with intent to commit  *  *
manslaughter, shall be punished by imprisonment in the peniten-
tiary not exceeding five years.  The court determined that the
latter crime was not a lesser offense or an offense of lesser degree
than the former, because the *intent* is an essential ingredient in
both offenses, and must be proved as laid in the indictment.  The
rule is that "the intent with which the act was done must be
proved to be the same with that charged."  Thus under 43 George,
3d c. 35, the intent in several counts was to murder, to disable,
to do some grievous bodily harm; the jury found the intent to be
to prevent being apprehended; this was held bad.  1 Chit. Crim.
L., 233.  So it was ruled in Morman v. State, *supra*, that a ver-
dict of guilty of an assault with intent to commit manslaughter,
was an acquittal of the offense, charged in the indictment, and a
conviction of a different and distinct offense, which was not allowed
either under the statute or at the common law.

Under art. 305, p. 622, Code of 1867, the same in Code of 1871,

p. 2809, the jury may convict of an inferior offense, or other offense which is necessarily included in the offense charged in the indictment. In Gipson's case, 38 Miss., 310, the indictment and verdict were precisely as in this case. And the only point made was as to the character of judgment that could be pronounced. The court held the verdict to be in legal effect guilty of " assault," and treated the words, "with intent to commit manslaughter," as merely descriptive of the assault; proceeding on the idea that this was an " inferior offense, or other offense included in the offense charged in the indictment," for which under the above statute the defendant might be convicted.

It would follow, that the first assignment of error is well taken, upon the verdict the defendant was only guilty of a misdemanor, and ought not have been sentenced to imprisonment in the penitentiary.

There is nothing in this record from which we can determine, whether there was error or not in refusing the motion for a new trial. No bill of exceptions was taken to that decision of the court. There was also a motion in arrest of judgment, but no decision appears to have been had upon it. Among the grounds set forth in the motion, was that the defendant had been convicted of a misdemeanor but had been sentenced for a felony.

The court erred, as we have seen, in construing the verdict as finding the defendant guilty of a felony and imposing the punishment of imprisonment in the penitentiary. The verdict was good, as guilty of the assault.

The only error committed by the circuit court, was in construing the verdict, as finding the defendant guilty of a felony, and thereupon imposing the punishment of confinement in the penitentiary. The verdict, as we have seen, was good as a finding of guilty of the " assault."

The judgment will be reversed, but the verdict will stand, and cause will be remanded to the circuit court, to pronounce the appropriate judgment upon it.