IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## APRIL TERM, 1882,

### AFTER THE REORGANIZATION OF THE COURT ON MAY 10, 1882.

---

## DOUGLASS HASTINGS v. THE STATE.

1. CRIMINAL PROCEDURE. *Justice of the peace. Trial by jury.*
   Under Code 1880, § 3118, the fact that, upon an affidavit charging a person with assault with intent to murder, a justice of the peace, without calling a jury, convicts him of assault and battery and imposes a fine, cannot avail in arrest of judgment in the Circuit Court.

2. SAME. *Appeal. Trial. Verdict.*
   On the appeal in such case, the appellant is tried anew in the Circuit Court for the misdemeanor only, and a verdict of "guilty as charged in said affidavit" is limited to the charge in the affidavit of which he was convicted by the justice of the peace.

APPEAL from the Circuit Court of Adams County.

Hon. RALPH NORTH, Judge.

Upon an affidavit which charged the appellant with an assault with intent to commit murder, he was carried before a justice of the peace, who convicted him of assault and battery and imposed a fine. He appealed to the Circuit Court, where he was again tried and found by a jury "guilty as charged in said affidavit," and his motion in arrest of judgment upon the ground that the justice of the peace had no jurisdiction to so try him and that the verdict in the Circuit Court was not

responsive to the charge, was overruled and he was fined the same sum which the justice of the peace imposed.

*G. F. Bowles*, for the appellant.

1. Unquestionably under Code 1880, § 3118, the justice of the peace could dismiss the charge of felony and hold the accused for trial for the misdemeanor, and when informed of the nature of the accusation the accused could demand a jury, but in this case the justice convicted upon the preliminary examination without any trial. His sentence was *coram non judice*, and the Circuit Court had no jurisdiction on appeal.

2. On the trial anew in the Circuit Court under Code 1880, § 2335, the charge was felony, and the trial could not proceed without an indictment, or the charge at such trial was a misdemeanor, and the verdict being for a felony the variance is fatal. If the initial step was void, the court never had jurisdiction. *Case of the Marshalsea*, 10 Co. 65, 76 *b*; *Taylor* v. *Clemson*, 11 C. & F. 610.

*T. C. Catchings*, Attorney General, for the State.

If the charge is felony, the justice may convict of the misdemeanor without a jury. None was demanded and the point could not avail in the Circuit Court on appeal. The verdict is good because the trial *de novo* was necessarily for the misdemeanor alone.

CAMPBELL, C. J., delivered the opinion of the court.

If the appellant was entitled to be tried by a jury before the justice of the peace, that could not avail him anything in the Circuit Court, where on appeal the case was to be tried anew. As the justice of the peace convicted the appellant of a misdemeanor, in acordance with § 3118 of the Code of 1880, under a charge of felony, and the convict appealed from the judgment of the justice of the peace, the case was tried anew in the Circuit Court upon the charge of which the appellant had been found guilty by the justice. The trial anew was not of the charge of felony, for he had not been tried for that. The justice as a committing officer investigated the higher charge, and being satisfied that only a misdemeanor had been committed dismissed the higher charge, and convicted accordingly.

The appeal was from such conviction, and in the Circuit

Court the question was guilty or not guilty of the misdemeanor of which the appellant had been convicted. The charge made before the justice must be held to have been modified by the judgment of the justice of the peace, so as to confine the investigation on the trial anew in the Circuit Court to the misdemeanor. The verdict of "guilty as charged in said affidavit" is to be applied and limited to the charge contained in the affidavit of which the accused was convicted by the justice of the peace. He could not be tried for a felony on the affidavit, and he was not, and the verdict is referable to the charge on which the appellant was tried. The statute and proceedings under it should receive a practical construction, and not one that is strained and will lead to practical difficulties. No wrong was done the appellant, and the judgment is

<em>Affirmed.</em>