## BEN BROWN *v.* STATE.

### [60 South. 727.]

1. INDICTMENT. *Joinder of offenses. Criminal law. Conviction of minor offenses. Sufficiency of charge of minor offenses. Code 1906, section 1537.*

    Burglary and larceny may be charged in the same count of an indictment.

2. SAME.

    While under section 1537, Code 1906, providing that when accused is being examined on a charge of felony, it shall appear that a felony has not been committed, but that accused is guilty of a misdemeanor, of which the justice has jurisdiction, that he shall be convicted and punished for such misdemeanor, yet this provision of the law does not deprive the accused of the right to be fully advised in the indictment or affidavit of the crime charged against him.

3. SAME.

    It is the rule that where a defendant is charged with an offense consisting of several degrees, that there may be a conviction of a minor offense necessarily included in the graver charge, but in such case the indictment must be sufficient to inform the defendant of the essentials of the lesser charge.

4. INDICTMENT. *Burglary and larceny. Sufficiency of charge.*

    Where the indictment only charged that defendant broke and entered a certain house with intent to steal therein, but did

not charge that he stole any property, it was insufficient to authorize a conviction for larceny, as this offense was not charged in the indictment but only burglary.

APPEAL from the circuit court of Claiborne county.
HON. H. C. MOUNGER, Judge.
Ben Brown was convicted of pety larceny and appeals. The facts are fully stated in the opinion of the Court.

*R. B. Anderson,* for appellant.

The affidavit charges that defendant entered the warehouse of H. Frishman, in the nighttime, feloniously and burglariously, with intent to steal, and is a good affidavit for the offense of burglary, but not a sufficient charge for larceny, and while I freely concede that the justice may have had the power to convict of petit larceny, if the evidence justified it, defendant had also the right to insist that the charge of larceny should advise him of the nature of the offense, which this affidavit assuredly did not do.

Section 1537 of Code 1906 merely gives a justice court the power to convict of a constituent misdemeanor, if no felony has been committed. Surely it does not mean that the justice can, on a charge (for instance) of embezzlement, convict of assault and battery without an affidavit charging the latter offense. In the instant case, there is no charge of larceny whatsoever, as the court will readily see.

And reasoning a step further, even if the justice of the peace would have authority to convict of a misdemeanor without its being charged in an affidavit, a defendant on appeal certainly should have the right to have the affidavit placed in proper and legal form, whereby he may be advised of the nature of the crime charged

In this case the defendant, in the circuit court, demurred to the affidavit, on the ground that it charged a felony and charged no misdemeanor whatsoever. Under such circumstances, larceny being the offense upon which the

state sought to convict, did not the defendant have then the right to have a proper affidavit laid against him?

Again section 1537 is to be read in connection with section 1499 of the Code, the latter section declaring that a conviction may be had of an offense necessarily included in the one charged. It could not be contended that a charge of burglary necessarily includes larceny for the plain reason that the person committing burglary may be guilty of whatsoever offense he intends to commit and the court has recognized this rule of law by declaring an indictment bad, which failed to charge what offense the intruder intended to commit, when he "broke in" the building. *Buchanan* v. *State,* 75 Miss. 349.

I contend that, even though the justice had power to convict of any crime whatsoever on an affidavit of burglary, when his case was called in the circuit court, a trial *de novo* being there held, he had a right to file a demurrer to the affidavit and that if such affidavit were not in legal form and failed to advise him of the nature of the accusation, his demurrer should have been sustained, and that he should not have been tried on a charge which did not fully advise him of the crime charged. Here is a man charged, not only with burglary in the ordinary manner, but with entering in the nighttime, and convicted of stealing a barrel of flour. Suppose he were guilty of burglary and of having entered with intent to steal the goods of Frishman, under such a charge, is it the law that if the charge was changed so as to make it larceny, he lost his right to have a proper affidavit charging larceny? However guilty a man may be, is not he entitled to be tried according to the forms of law?

Appellant does not question the rule whereby burglary and larceny may be properly joined in an indictment; nor does he dispute with the state that a conviction thereunder will be referred to burglary, but contends that even though there be a correct affidavit or indictment for burglary, with a count for larceny, that to sustain a conviction for larceny alone, the larcenous offense must be

charged correctly. The legislature certainly did not intend, by enacting section 1537, to give a justice of the peace greater powers than those possessed by a circuit court, and under an indictment, a jury in the latter court can only convict of the crime charged or one necessarily included. *Scott* v. *State,* 60 Miss. 268.

The case of *Hastings* v. *State,* 59 Miss. 541, which probably will be relied upon by the State, is unlike the case at bar in two particulars: 1st. The charge there was assault with intent to kill and there was a conviction of assault and battery, being an offense necessarily included in the indictment, or rather the affidavit. 2nd. The defendant did not demur or object to going to trial on the charge as laid. It would be preposterous to hold that a justice could convict of any offense except one necessarily in the affidavit.

Appellant asserts that had be been indicted by the grand jury in this case and if the indictment had been in the form of the affidavit herein, he could have been convicted only of burglary and not of larceny, because while it is proper to charge both offenses in the same indictment, a conviction of larceny can only be had where it is charged? Here we have the peculiar state of a case in which a citizen has been convicted of an offense, with which he has not been and is not charged. While larceny and burglary may be joined, there must be two counts in order to force one to trial on both offenses, unless he tamely submits. 22 Cyc. 467 and 468 and cases cited on page 268.

*Frank Johnston,* assistant attorney-general, for the state.

I will present to the court two propositions of law which are conclusive of the correctness of the judgment in this case rendered by the circuit court on the finding of the jury, which are as follows: 1. The affidavit charges, clearly and specifically, the burglary. It charges

also, that he entered the warehouse of H. Frishman for the purpose of stealing, taking and carrying away goods, merchandise and personal property of the said Frishman . 2.. The procedure was justified and proper under the provisions of section 1537 of the Code of 1906.

I submit, therefore, that under the first proposition, the burglary charged in the affidavit contains a charge of a contemplated and intended larceny in connection with the burglary, and that this was a sufficient charge against the defendant to apprise him of the nature of the offense which he was called upon to meet.

I concede, as an abstract proposition of law, that the crime of larceny is not necessarily involved in a charge of burglary but that does not reach the merits of this case, for it is very clear that the affidavit charges not only the burglary in express terms, but it also charges the defendant with the particular intent and purpose for which the burglary was attempted to be committed, viz., for the purpose of stealing the goods, wares and merchandise of H. Frishman, the owner of the warehouse. So, therefore, the case may well be considered as one included in, and governed by the rule of criminal procedure at the common law on this subject, which requires the larceny charge to be necessarily involved in the burglary offense, or made the specific charge in the indictment, or affidavit. The affidavit in this case is sufficiently specific to enable the justice of the peace to have convicted the defendant of the crime of larceny.

In regard to the second proposition of law which I have stated, section 1537 of the Code of 1906, provides the rule of procedure in a case of this character, and that is, in the trial on a charge of felony, if it shall clearly appear that a felony has not been committed, but that the accused is guilty of a misdemeanor, then the justice of the peace shall convict the offender of the misdemeanor and punish him accordingly.

This statute evidently contemplates a case where a felony is charged and where the charge is solely that of a

felony in an affidavit made before a justice of the peace, and it contemplates further a case where, under the general charge of a felony and an exclusive charge of a felony, the evidence, as developed, shows that a felony had not been convicted, but that a misdemeanor had been committed. In such case, the justice of the peace is directed and authorized to proceed to render the proper judgment on the evidence of the larceny offense, that is to say, of the misdemeanor.

In the case of *Hastings* v. *State,* 59 Miss. 541, a similar statute was thus construed by the supreme court. Chief Justice Campbell, in delivering the opinion of the court, placed the decision on the following ground: That the charge in that case was for a felony; that the evidence, as developed in the case, showed that a felony had not been committed, but that an assault and battery had been committed, and therefore, that the conviction before the justice of the peace of the misdemeanor and the dismissal of the case, in effect, as a felony case, on an appeal to the circuit court by the defendant, presented not a charge of felony, but simply a charge of misdemeanor; and that, the "charge made before the justice of the peace must be held to have been modified by the judgment of the justice of the peace so as to confine the investigation on the trial anew in the circuit court to the misdemeanor." So that, upon a conviction of a misdemeanor under these circumstances, and upon this character of evidence in a justice's court, the conviction of the misdemeanor is the judgment and the charge from which an appeal is prosecuted to the circuit court. Upon this precise point, the court said, "The appeal was from such conviction and in the circuit court the question was, guilty or not guilty of the misdemeanor of which the appellant had been convicted." The construction of the statute given in Hastings' case is therefore conclusive of the question of criminal procedure now presented to the court.

The defendant had a trial *de novo* in the circuit court and upon that trial *de novo,* the defendant was fully ap-

prised of the fact, under this statute and the ruling of the circuit court in construction of the statute, that he was being tried for this misdemeanor as developed in the justice's court, and not for the felony.

It is not perceived, therefore, that any substantial right whatever of the defendant in this procedure has been abrogated or impaired in any degree and the defendant was tried in the circuit court *de novo* by a jury on the precise charge and conviction before the justice of the peace from which he had taken and prosecuted his appeal.

I respectfully submit, therefore, to this honorable court, that it is not necessary for me to go into a discussion of the question of criminal procedure involved in this case as it stood at common law, in view of the provisions of the statute which I have cited and the interpretation and application given to it by the supreme court of this state in the case of *Hastings* v. *State,* 59 Miss. 542. If this decision of the court in construction of the statute is to be followed by the court and applied to the present case, then the procedure in the circuit court was not in any degree illegal, improper, or erroneous, and the judgment of the circuit court should be affirmed.

With this decision standing as the law of the state in construction of this statute, I respectfully submit that a citation and discussion of the general authorities on the common law rule in this instance would be inappropriate and certainly unnecessary.

REED, J., delivered the opinion of the court.

An affidavit was made against appellant in a justice of the peace court, charging him with burglary. Upon the trial the justice of the peace found appellant guilty of petit larceny. There was an appeal to the circuit court. Appellant objected, by demurrer, to being tried for petit larceny upon the affidavit charging burglary. The court overruled the demurrer, and appellant was arraigned on the charge of petit larceny. From a conviction appellant

appeals, and assigns as error that the trial court erred in requiring him to be tried for petit larceny on the charge of burglary.

The affidavit charges that appellant broke and entered a certain warehouse with the intent to steal certain goods, merchandise, and personal property; but the affidavit does not charge that he stole any property. Burglary and larceny may be charged in the same count of an indictment. *Harris* v. *State,* 61 Miss. 304.

Section 1537 of the Code of 1906 provides that if, when the accused is being examined on a charge of felony, it shall appear that a felony has not been committed, but that the accused is guilty of a misdemeanor, of which the justice of the peace has jurisdiction, that he shall be convicted and punished for such misdemeanor. We are not to understand, however, that this provision of the law is to deprive the accused of the right to be fully advised in an affidavit or an indictment of the crime charged against him. It is the rule that where a defendant is charged with an offense consisting of several degrees that there may be a conviction of a minor offense necessarily included in the graver charge. In such case the charge must be sufficient to inform the defendant of the essentials of the lesser charge, 22 Cyc. 467.

It is stated in 22 Cyc. 467 and 468, in the discussion of the necessity of sufficient charge of minor offenses, that, "while it is not necessary to make a specific charge of all the offenses included in the charge for which the indictment is drawn, a conviction cannot be had of a crime as included in the offense specifically charged, unless the indictment, in describing the major offense, contains also the essential averments of the less, or the greater offense necessarily includes all the essential ingredients of the less. . . . So, upon an indictment charging burglary and larceny, the larceny must be well laid in order to support a conviction for larceny."

A comparison will show that the present case is different from *Hastings* v. *State,* 59 Miss. 541. Hastings was

charged with assault and battery with intent to commit murder (a felony), and was convicted by the justice of the peace of a simple assault and battery (a misdemeanor). It will be noticed that the charge against Hastings for the felony contained all the essential averments necessary in a charge of the misdemeanor for which he was convicted. In the present case the affidavit against appellant does not contain these necessary averments. He is not charged with the crime of larceny. The statements in the affidavit are not sufficient to inform him of the essentials of the charge of larceny. It will be noted that in the charge of burglary there was only a charge that the breaking and entering was with the intent to steal, and not with stealing. As a matter of fact, when appellant was put on trial, there was not before the court any charge against him for larceny. The charge of burglary does not necessarily include larceny. It cannot be stated that the essential ingredients of larceny were in the affidavit in this case. The affidavit did not advise appellant sufficiently of the accusation against him. He should not have been tried in the circuit court for petit larceny on this plain charge of burglary, which did not include also a charge of larceny.

*Reversed and remanded.*