## BOGGAN *et al. v.* STATE.

(Division A. Nov. 2, 1936. Suggestion of Error Overruled Nov. 30, 1936.)

[170 So. 282. No. 32293.]

R. F. B. Logan and John W. Barbee, óf Hernando, for appellants.

**Webb M. Mize,** Assistant Attorney General, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from the conviction of robbery, the defense being an alibi. The evidence for the state, which the jury believed, justifies the verdict as to all the appellants; consequently the appellant's request for a directed verdict of not guilty was correctly denied. The indictment alleged that the robbery was committed by means of an assault with a deadly weapon, to-wit, a pistol. The evidence for the state as to the use of the weapon was in conflict.

The court below, in an instruction for the state, permitted the jury to "find the defendants guilty of rob-

bery without firearms,'' and a verdict was returned accordingly.

The statutes pertinent are as follows:

Section 1126, Code 1930.—''Every person who shall feloniously take the personal property of another, in his presence or from his person and against his will, by violence to his person or by putting such person in fear of some immediate injury to his person, shall be guilty of robbery.''

Section 1128, Code 1930.—''Every person convicted of robbery shall be punished by imprisonment in the penitentiary for a term not more than fifteen years.''

Section 1, chapter 328, Laws 1932.—''That every person who shall feloniously take or attempt to take from the person or from the presence the personal property of another and against his will by violence to his person or by putting such person in fear of immediate injury to his person by the exhibition of a deadly weapon shall be guilty of robbery and, upon conviction, shall be punished by death if the penalty is so fixed by the jury; and in cases where the jury fails to fix the penalty at death, the court shall fix the penalty at imprisonment in the penitentiary for any term not less than three years.''

The last of these statutes does not repeal the two former, but simply provides for a greater punishment than does section 1128 for the commission of a crime by the use of a deadly weapon. An indictment under chapter 328, Laws 1932, includes all the elements of the crime defined by section 1126 of the Code. Section 1280, Code 1930, provides that ''On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without

any additional count in the indictment for that purpose.'' This statute controls here; and the court committed no error by ruling in accordance therewith.

Affirmed.