467 So.2d 647 (1985)
Malcolm McBRAYER
v.
STATE of Mississippi.
No. 55204.
Supreme Court of Mississippi.
January 16, 1985.
As Modified on Denial of Rehearing May 8, 1985.
J. Max Kilpatrick, Philadelphia, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by John Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:
On an unspecified date in November of 1982, and apparently on at least two other occasions, Malcolm McBrayer, age 46, and S.G., a 13 year old female, engaged in wholly consensual sexual intercourse. S.G. said that she wanted to marry Malcolm and to that end tried to run away with him to Oklahoma, only to be stopped by police at the bus station in Dekalb, Mississippi.
The lawfulness vel non of the conduct of Malcolm McBrayer has been addressed directly by the Mississippi Legislature with the enactment of a law proscribing what has come to be known as statutory rape. Miss. Code Ann. § 97-5-21 (Supp. 1984). That statute makes criminal the seduction of a child under the age of 18, provided the child is "of previously chaste character". Consent is not a defense.
The problem here is that Malcolm McBrayer has been prosecuted under a statute proscribing qualitatively different conduct; child fondling. That statute makes unlawful the fondling of a child under 14 by any person over 18 "for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, ... ." Nothing in the child fondling statute requires that the victim have been of previously chaste character. McBrayer has been convicted under that statute and committed to the custody of the Mississippi Department of Corrections for a term of ten years the maximum. Miss. Code Ann. § 97-5-23 (Supp. 1984).
The problem becomes acute when we bear in mind that in November of 1982 S.G. was not "of previously chaste character". The record reflects that she had been intimate *648 with at least two other men prior to that time.
In fairness this case must be understood in the context of the ongoing romantic relationship between Malcolm and S.G. That relationship had been accented by consensual sexual intimacies on at least three occasions. The only thing that kept S.G. from running away to marry Malcolm in another state was her last minute detention at the Dekalb bus station.
Without doubt, some "fondling" of S.G. by Malcolm did occur on any number of occasions. Some of it occurred on the night in question in the presence of S.G.'s mother without serious protest. Only when Malcolm and S.G. brought up the subject of their possibly getting married did S.G.'s mother ask Malcolm to leave S.G. alone. Malcolm left but soon returned at S.G.'s invitation.
In the context of the ongoing relationship between Malcolm and S.G., it is fair to say that such fondling as did occur on that night was obviously a preliminary to sexual intercourse which occurred in S.G.'s home while her younger sister was in the next bed, which in turn did lead to protest from S.G.'s mother when she discovered S.G. and Malcolm asleep together at approximately 6:00 A.M. the next morning.
We have here one enactment of the legislature the core concern of which is prescribing and declaring the legality vel non of sexual relationships between adults and teenagers. Miss. Code Ann. 97-5-21 (Supp. 1984). We have another statute which must be strained or given an (obviously unintended) literalistic reading to fit this case. Miss. Code Ann. 97-5-23 (Supp. 1984). Concern with the sort of activity involved here is at best at the penumbra of the child fondling statute. Where faced with such a situation, absent an express legislative declaration that the penumbral statute was intended to invade and modify the clear policy determinations of the core statute, we will construe the two in pari materia so that the penumbral statute does no violence to the core statute.
To read the penumbral statute  the child fondling statute  as the State would have us do would lead to absurd results. Under that reading the fondling statute would totally subsume the statutory rape statute, at least in the case of victims under 14 years of age, for the conduct contemplated by the statutory rape statute will always involve a "touching, handling and rubbing" within the literal meaning of the fondling statute. The State calls to our attention nothing which suggests that the Legislature has intended to so repeal the statutory rape statute.
Under the theory offered by the State, sexual intercourse with a child under the age of 14, not of previously chaste character, is no crime, while the foreplay leading to that intercourse can lead to a ten year prison term. We will not impute to the Legislature the intention to achieve such illogical and arbitrary results absent a more express declaration than we have been given.
We hold, therefore, that this case is controlled by our law proscribing statutory rape. Miss. Code Ann. 97-5-21 (Supp. 1984). Under that enactment Malcolm McBrayer has committed no crime for S.G. was not of previously chaste character. See State v. Brammer, 304 N.W.2d 111, 113-114 (S.D. 1981).
We state the obvious. Forty-six year old men have no business engaging in sexual relationships with thirteen year old girls in any context. This is so from the vantage point of religious ethics, moral psychology, prevailing societal mores or common sense. The standards derived from these sources, no matter how widespread or strongly held, inform our decision only insofar as they have been incorporated into the positive law of the state. For in this state it is the Legislature which has the exclusive authority to promulgate general rules and thereby designate those courses of conduct which shall be unlawful, and to prescribe punishments therefor, subject only to constitutional restrictions. Upshaw v. State, 350 So.2d 1358, 1360 (Miss. 1977); Howell v. State, 300 So.2d 774, 780-781 (Miss. 1974); Gabriel v. Brame, 200 Miss. 767, 773, 28 So.2d 581, 582 (1947).
*649 Today's decision does not fossilize the law. Our reading of the statutes has been faithful and, we trust, sensible. It is subject to prospective legislative alteration, and we should be as obligated to enforce any such altered law. Without doubt, the Legislature would have the authority to make unlawful the conduct at issue here. Today we hold only that it has not yet done so.
REVERSED AND RENDERED.
PATTERSON, C.J., ROY NOBLE LEE, P.J., and BOWLING, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
WALKER, P.J., and HAWKINS, J., dissent.
WALKER, Presiding Justice, dissenting:
I have read the majority opinion several times and I am not sure I understand it all, but one thing comes through clearly: the majority is doing violence to the intent of our child fondling statute, Miss. Code Ann. § 97-5-23 (Supp. 1984), which was designed to protect young females and males from conduct such as portrayed in this record.
Therefore, I am compelled to dissent from the wholly illogical and arbitrary act of the majority in reversing the conviction of Malcolm McBrayer, a forty-six-year-old man, and according to this record, a drunkard, who had known S.G. for a period of approximately one year, and had fondled and otherwise engaged in sexual relations with this thirteen-year-old female to the extent that she wanted to run away with him to Oklahoma and be married.
McBrayer fits to a "T" the characterization "lustful and licentious dirty old man."
The majority opinion takes the position that since McBrayer engaged in intercourse with the thirteen-year-old girl that he was not guilty of anything for the reason that she was not of previous chaste character. However, the opinion wholly overlooks its recital of facts in which it acknowledges that earlier on the night in question that McBrayer did in fact fondle the thirteen-year-old female without engaging in sexual intercourse. Therefore, the majority's argument that the fondling statute was totally subsumed by the statutory rape statute as it applies to victims under fourteen years of age will not hold water. McBrayer's earlier act in the evening of fondling this thirteen-year-old victim was a separate and distinct offense and prosecutable as such.
The majority's argument that the legislature either did not intend to do what they did or did not know what they were doing when they enacted the fondling statute is utter nonsense. The fondling statute, section 97-5-23 (Supp. 1984) and the statutory rape statute, section 97-5-21 (Supp. 1984) appear side-by-side in the 1984 supplement to the Code.[1]
The majority opinion cites no case in point or other authority compelling this Court to reverse McBrayer's conviction and turn him loose. The legislature had the authority to fix the penalty for these crimes. Statutory rape provides for a mandatory penitentiary sentence not to exceed ten (10) years while the fondling statute provides for a penalty of not less than ten dollars ($10.00) nor more than one thousand ($1,000.00) and/or a penitentiary sentence of a maximum of ten (10) years. Evidently the trial judge thought the crime *650 sufficiently outrageous to warrant the maximum prison sentence under the law.
In my opinion, the conviction and sentence of McBrayer should be affirmed.
HAWKINS, J., joins this dissent.
HAWKINS, Justice, joining in dissent with WALKER:
I join Justice Walker's dissent.
Surely, no one will dispute that this conduct of McBrayer should be a serious criminal offense. The Legislature not only has the lawful authority, but the duty to make such conduct a crime, for the protection of the children. The Legislature has clearly done so.
It is not the function of this Court to question the logic of a statute, and absent a Constitutional prohibition, give it an interpretation entirely different from its plain wording.
Indeed, the logic in the majority's emphasis on "chastity" escapes me, under the facts in this record.
The majority concludes that the Legislature is free to "alter the law," and presumably we will enforce it. I do not see how the Legislature can make the statute any plainer or clearer than presently it is.
I would affirm McBrayer's conviction.
NOTES
[1] Section 97-5-21 states: "Any person who shall seduce and have illicit connection with any child under the age of eighteen (18) years, of previously chaste character, shall upon conviction, be imprisoned in the penitentiary not more than ten (10) years, but the testimony of the person seduced alone shall not be sufficient for conviction."

Section 97-5-23 states: "Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of fourteen (14) years, with or without the child's consent, shall be guilty of a high crime and upon conviction thereof, shall be fined in a sum not less than ten dollars ($10.00) nor more than one thousand dollars ($1,000.00), or be imprisoned in the state penitentiary not less than one (1) year nor more than ten (10) years, or be punished by both such fine and imprisonment, at the discretion of the court."