537 So.2d 411 (1988)
Michael Anthony HAILEY
v.
STATE of Mississippi.
No. 57356.
Supreme Court of Mississippi.
December 7, 1988.
*412 Paul R. Scott, Wilroy & Scott, Hernando, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by John H. Emfinger, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
DAN M. LEE, Presiding Justice, for the Court:
This case presents a conviction of child fondling following trial in the Circuit Court of DeSoto County on an indictment charging Michael Anthony Hailey with forcible rape. The fondling charge was submitted to the jury at the close of the evidence as a lesser included offense instruction on the principal charge of forcible rape. The jury failed to find forcible rape of the 13-year-old prosecutrix, but did find Hailey guilty of fondling. Following that verdict the trial court entered judgment and sentenced Hailey to seven years in the custody of the Mississippi Department of Corrections.
*413 Because the indictment did not sufficiently inform Hailey that he might face a charge of child fondling, however, his conviction must be reversed.

I.
E.M., the 13-year-old prosecutrix, spent the night of February 9, 1985, at the apartment of her Aunt Georgia, while her mother and other family members, along with the defendant Michael Hailey (who is Georgia's companion and roommate) celebrated someone's birthday.
E.M. expected her mother to return for her that evening, but it got late and around 10:00 p.m. she went to sleep on a couch in a bedroom. Her aunt Georgia slept in another bedroom with her two sons.
Later, during the early morning hours, E.M. said she was awakened by the sound of voices. About that time, Michael Hailey entered. E.M. testified that Hailey grabbed her and tried to turn her over on her back. She held on to the couch, but Hailey succeeded in pulling her to the floor. Hailey pulled off her pants, E.M. testified, and pulled up her blouse and bra, placed a hand over her mouth, and began touching her breasts. He told her if she screamed he would hurt her. Prior to this statement she had not called for help, but during the assault she attempted to kick a closet door to make noise.
E.M. testified that Hailey then penetrated her with his penis. This went on for a few minutes. Afterwards, Georgia walked in and turned on the lights. Georgia and Hailey began arguing and E.M. grabbed her clothes and ran to her uncle's apartment nearby.
Later, another uncle drove E.M. home and her mother took her to a hospital for an examination.
Over objection, E.M.'s mother was allowed to testify to details of the assault that E.M. related to her after she returned home.
Dr. Larry Black examined E.M. that morning about 9:45 a.m. Black testified without objection to the facts surrounding the alleged rape as related to him by E.M. for medical history purposes. E.M.'s hymen was not intact, but he found no evidence of trauma other than an irritated area where the child had a yeast infection at the introitus where the skin meets the internal vaginal tissue. This irritation could have been caused by rubbing or intercourse; however, there was no sperm found in her vagina. A rape pack was prepared in any event.
Larry Turner, a forensic serologist with the Mississippi Crime Laboratory, testified he found traces of semen on E.M.'s jeans, but there was not enough present to complete an analysis. He found no seminal fluid on any other clothes or on any other specimens in the rape pack.
Hailey did not take the stand. Georgia testified for the defense that when she entered the room both Hailey and E.M. stated they did not do anything.
Another aunt of E.M. testified that she spoke with E.M. over the telephone the morning of the incident and the child stated that "Georgia caught Michael in the room with me."
At the close of all the evidence, the trial court heard argument on and then granted an instruction to the jury that it could find Hailey guilty of the lesser included offense of child fondling. The jury returned a verdict of guilty of child fondling. The trial court sentenced Hailey to seven years. The trial court overruled Hailey's motion in the alternative for a new trial or for a judgment notwithstanding the verdict, and this appeal followed in timely fashion.

II.
The dispositive question and the reason this conviction must be reversed is the failure of the indictment to inform Hailey of the charge of fondling a child.
By indictment dated August 29, 1985, it was alleged that Hailey
[D]id unlawfully, wilfully and feloniously forcibly ravish, rape and carnally know [E.M.], a female of the age of twelve (12) years or upward, against the will and without the consent of [E.M.], in direct violation of Section 97-3-65(2), Mississippi *414 Code of 1972 Annotated, as amended... .
At the time of the alleged offense, Miss. Code Ann. § 97-3-65(2) provided:
(2) Every person who shall forcibly ravish any female of the age of twelve (12) years or upward, or who shall have been convicted of having carnal knowledge of any female above the age of twelve (12) years without her consent, by administering to her any substance or liquid which shall produce such stupor or such imbecility of mind or weakness of body as to prevent effectual resistance, upon conviction shall be imprisoned for life in the State Penitentiary if the jury by its verdict so prescribes; and in cases where the jury fails to fix the penalty at life imprisonment the court shall fix the penalty at imprisonment in the State Penitentiary for any term as the court, in its discretion, may determine.[1]
As can be seen from the statute, the elements of rape are:
1) carnal knowledge
2) without consent and by force
3) of a female child age 12 years or upward.
The indictment tracks the statute and no doubt clearly informed Hailey of the charge; however, Hailey was convicted of child fondling. The statutory provision for child fondling implicated is Miss.Code ann. § 97-5-23 (Supp. 1987), which provides:
Any person above the age of eighteen (18) years, who, for the purpose of gratifying his or her lust, or indulging his or her depraved licentious sexual desires, shall handle, touch or rub with hands or any part of his or her body or any member thereof, any child under the age of fourteen (14) years, with or without the child's consent, shall be guilty of a high crime and, upon conviction thereof, shall be fined in a sum not less than One Hundred Dollars ($100.00) nor more than One Thousand Dollars ($1,000.00), or be imprisoned in the State Penitentiary not less than one (1) year nor more than ten (10) years, or be punished by both such fine and imprisonment, at the discretion of the court.
Thus, the elements of child fondling are:
1) a handling or touching or rubbing
2) of a child under the age of 14 years
3) by a person above the age of 18 years
4) for purposes of gratifying lust or indulging licentious sexual desires.
Mississippi law provides that a jury may convict a defendant of a lesser included offense on trial of any indictment. Miss. Code Ann. § 99-19-5 (1972) provides:
Findings of jury. On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose. [emphasis added]
A literal reading of this statute appears to authorize a jury to convict a defendant of an "inferior offense, or other offense." Indeed, there is loose language in some of our cases that under this section the state may obtain a conviction of an "inferior" offense. See Callahan v. State, 419 So.2d 165, 177 (Miss. 1982). However, this Court has interpreted this section to apply only to inferior offenses "necessarily included within the more serious offense." Sanders v. State, 479 So.2d 1097, 1105 (Miss. 1985); Gillum v. State, 468 So.2d 856, 861 (Miss. 1985); Cannaday v. State, 455 So.2d 713, 725 (Miss. 1984); Biles v. State, 338 So.2d 1004 (Miss. 1976); Gray v. State, 220 Miss. 220, 70 So.2d 524 (1954); Boggan v. State, 176 Miss. 655, 170 So. 282 (1936); Brown v. State, 103 Miss. 664, 60 So. 727 (1913); Bedell v. State, 50 Miss. 492 (1874). Stated differently, this Court holds this section only to authorize convictions *415 of inferior constituent offenses unless there be an additional count in the indictment. See Callahan v. State, 419 So.2d 165, 176 (Miss. 1982).
In Sanders v. State, supra, this Court outlined the prerequisites for granting instructions for necessarily included offenses.
While the authority to convict a lesser included offense began as a weapon of the prosecution, it has become a defense tool as well. Whether applied for the benefit of the state or defense, in order to authorize such instruction the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser included offense. Also, there must be some evidence to support the lesser included offense. See: Lee v. State, 469 So.2d 1225 (Miss. 1985); Ruffin v. State, 444 So.2d 839 (Miss. 1984); Lambert v. State, 462 So.2d 308 (Miss. 1984); Colburn v. State, 431 So.2d 1111 (Miss. 1983); and Presley v. State, 321 So.2d 309 (Miss. 1975).
479 So.2d at 1108.
The state argues that this Court held child fondling was indeed a lesser-included offense of statutory rape in McBrayer v. State, 467 So.2d 647 (Miss. 1985). In McBrayer the defendant was a 46-year-old man who had intercourse with a 13-year-old female. McBrayer was not indicted for statutory rape, but instead he was indicted for and convicted of child fondling. He could not have been guilty of statutory rape, the proof showed, because the child was not "of previously chaste character." Id. at 647-48. The state cites this language:
Without doubt, some "fondling" of S.G. by Malcolm did occur on any number of occasions. Some of it occurred on the night in question in the presence of S.G.'s mother without serious protest. Only when Malcolm and S.G. brought up the subject of their possibly getting married did S.G.'s mother ask Malcolm to leave S.G. alone. Malcolm left but soon returned at S.G.'s invitation.
In the context of the ongoing relationship between Malcolm and S.G., it is fair to say that such fondling as did occur on that night was obviously a preliminary to sexual intercourse which occurred in S.G.'s home while her younger sister was in the next bed, which in turn did lead to protest from S.G.'s mother when she discovered S.G. and Malcolm asleep together at approximately 6:00 a.m. the next morning.
Id. at 648.
The Court did not hold that fondling was a lesser included offense of statutory rape; however, it only held that this Court would not subsume the statutory rape provision of Miss. Code Ann. § 97-5-21 (Supp. 1987) into the child fondling statute.
Under the theory offered by the State, sexual intercourse with a child under the age of 14, not of previously chaste character, is no crime, while the foreplay leading to that intercourse can lead to a ten year prison term. We will not impute to the Legislature the intention to achieve such illogical and arbitrary results absent a more express declaration than we have been given.
(2) We hold, therefore, that this case is controlled by our law proscribing statutory rape. Miss. Code Ann. 97-5-21 (Supp. 1984). Under that enactment Malcolm McBrayer has committed no crime for S.G. was not of previously chaste character. See State v. Brammer, 304 N.W.2d 111, 113-114 (S.D. 1981).
McBrayer, 467 So.2d at 648.
Thus, we do not read McBrayer as establishing child fondling as a necessarily included offense of rape.
The state argues that in order to reverse Hailey's conviction on this ground we must overrule McBrayer. We do not agree and we expressly decline to overrule McBrayer. We merely distinguish McBrayer by noting it did not address the question of whether child fondling is a necessarily included offense of rape. In fact, McBrayer seems to support our decision, for it is clear from McBrayer that Miss. Code Ann. § 97-5-23 is not a "catch-all" provision that prosecutors might fall back upon.
*416 The state virtually concedes that absent McBrayer child fondling should not be a necessarily included offense of rape. Under the statute as it read at the time, forcible rape required proof of forced penetration of a female child over the age of 12 years. Fondling requires proof of handling, touching or rubbing of a child under the age of 14 years by a person over the age of 18 years for the purpose of gratifying lust or indulging licentious sexual desires. Thus, the fondling statute requires proof of the ages of both the victim and the defendant which the rape statute does not. In addition, the fondling statute requires proof of a defendant's specific intent to gratify lust or indulge licentious sexual desires.
Neither does the rape statute have the same constituent elements as fondling. Miss. Code Ann. § 97-3-65(2) requires proof of penetration, which the fondling statute does not. It requires proof of force, which the fondling statute does not. At the time of the offense, it required proof that the victim was a female child older than 12 years of age, while the fondling statute requires proof that the child  not necessarily a female  be younger than 14 years of age. The forcible rape provision does not require proof of the specific intent to gratify lust or indulge licentious sexual desires. It does not require that the offender be 18 years old. Under Sanders it is possible in some circumstances to commit forcible rape without committing child fondling. Thus, child fondling under Miss. Code Ann. § 97-5-23 (Supp. 1987) is not a necessarily included offense of forcible rape under Miss. Code Ann. § 97-3-65(2) as it read prior to amendment in 1985.
This does not end the discussion, however, because our reference point is twofold, the elements of the crime and the allegations in the indictment. Under Miss. Code Ann. § 99-19-5 the jury may convict the defendant of an offense "the commission of which is necessarily included in the offense with which he is charged in the indictment... ."
If under the statute (1) the lesser offense is necessarily included within the statutory definition of the charged offense, or (2) the indictment contains such allegations that a lesser offense is necessarily charged in the indictment, then the state may receive the benefit of Miss. Code Ann. § 99-19-5 if the evidence supports an instruction on the lesser offense.
In other words, if under the facts as alleged in the indictment a lesser offense is necessarily included, then a conviction of the lesser offense may be proper. The indictment must sufficiently allege the lesser crime so that the defendant is notified of the lesser charge, however. For this, we look to the dictates of the Sixth Amendment to the United States Constitution, which in pertinent part reads: "In all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation." Miss. Const. of 1890, article 3, section 26, also provides in part that: "In all criminal prosecutions the accused shall have the right ... to demand the nature and cause of the accusation."
Rule 2.05, Unif.Crim.R.Cir.Ct.Prac., requires that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation against him." Under these standards the indictment does not sufficiently notify Hailey that he might face a charge of child fondling. The indictment does not allege that the child is under 14 years of age; it does not allege Hailey was older than 18 years of age, and the indictment does not allege Hailey handled, touched or rubbed the child for the purpose of gratifying his lust or for indulging his licentious sexual desires.
Since child fondling could not be a necessarily included offense of forcible rape either as a matter of law or under the indictment, and there was not an additional count in the indictment alleging child fondling, under our rules, under the constitutions of both the United States and of the State of Mississippi, and under Miss. Code Ann. § 99-19-5 (1972), an instruction on child fondling should not have been given. *417 The trial court erred in granting an instruction allowing the jury to consider child fondling and this case must be reversed.
Accordingly, the jury verdict and order of the Circuit Court of DeSoto County, Mississippi, are vacated and the case is remanded to the Circuit Court of DeSoto County, Mississippi, for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., and PRATHER, ROBERTSON, SULLIVAN, and ZUCCARO, JJ., concur.
HAWKINS, P.J., and GRIFFIN, J., concur in part, dissent in part by separate written opinion.
ROBERTSON, J., concurs by separate written opinion.
GRIFFIN and ANDERSON, JJ., specially concur by separate written opinion.
HAWKINS, Presiding Justice, concurring in part, dissenting in part:
The majority clearly explains why child fondling is not a lesser included offense of rape or statutory rape. Hailey's conviction for fondling must indeed be reversed for the unlawful instruction to the jury that it could convict Hailey on a charge of which the indictment (for rape) gave no notice.
Three years ago, however, this Court reversed a fondling conviction, holding that if a man could not be convicted of Miss. Code Ann. § 97-5-21 (Supp. 1984),[1] which requires as a precedent to conviction that the victim be of chaste character, then neither could a man be convicted of fondling a child of prior unchaste character under § 97-5-23 (Supp. 1984) because fondling was an offense necessarily committed with the offense of rape or statutory rape. McBrayer v. State, 467 So.2d 647 (Miss. 1985).
It is beyond explanation or excuse how this Court can today reverse a fondling conviction because fondling is not an offense encompassed within rape, yet expressly decline to overrule a prior case wherein this Court reversed a fondling conviction because fondling was an offense encompassed within rape. McBrayer, 467 So.2d at 648.
The majority opinion recognizes the faulty premise on which McBrayer stood.[2] In McBrayer it was said,
The conduct contemplated by the statutory rape statute will always involve a "touching, handling and rubbing" within the literal meaning of the fondling statute. [Emphasis original]
Id. at 648. Therefore, McBrayer concluded, "the fondling statute would totally subsume the statutory rape statute." Id. at 648. On the other hand, the majority in the case before us says:
It is possible ... to commit forcible rape without committing child fondling.
Majority op. at p. 416. The majority correctly concludes that fondling is not an offense necessarily committed when rape is committed.
McBrayer said its holding was compelled so "that the penumbral statute does no violence to the core statute." McBrayer, 468 So.2d at 648. Yet McBrayer uses the "core statute" to do violence to the "penumbral statute." McBrayer held that unless the prior chaste character requirement were superimposed on the fondling statute, the "absurd result" would be that the fondling statute would "totally subsume"[3] the statutory rape statute.
McBrayer posed a false dilemma. To avoid such absurd results, McBrayer held that one could not be convicted of fondling a child of unchaste character if one could *418 not be convicted of raping a child of unchaste character. One absurdity does not deserve another.
The majority opinion today defends McBrayer by saying that "it only held that this Court would not subsume the statutory rape provision ... into the child fondling statute." Majority op. at p. 415. McBrayer may as well have held that this Court would not overrule the United States Supreme Court on the President's power to "pocket veto" Congressional action or that the members of this Court would refrain from flapping their arms fast enough to fly.
The majority opinion attempts to harmonize McBrayer by saying it "did not hold that fondling was a lesser included offense of statutory rape." Majority op. at 415. While never explicitly saying that fondling was a lesser included offense of rape, McBrayer's holding would collapse if it denied that proposition. McBrayer held that fondling "is controlled by our law proscribing statutory rape" and grafted the prior chaste character requirement from the statutory rape statute onto the fondling statute, which McBrayer justified by saying that "the conduct contemplated by the statutory rape statute will always involve a `touching, handling, and rubbing' within the literal meaning of the fondling statute." McBrayer, 467 So.2d at 648. [Emphasis original]
Even if some of the elements of rape themselves constituted the lesser crime of fondling, McBrayer's holding was illogical in imposing on the lesser offense an element required only for the greater offense.
As explained by the majority opinion, the crime of rape does not require proof of specific intent to gratify lust or indulge licentious sexual desires as is required for the offense of fondling. The rape statute does not require proof of the age of the defendant, as is required by the fondling of the age of the defendant, as is required by the fondling statute. The rape statute does not require proof of handling or touching, as is required by the fondling statute. (These three statements are also true of statutory rape as compared to fondling.) Since fondling is not a lesser included constituent offense of rape, the jury was not authorized to convict Hailey of fondling when he was indicted only for statutory rape.
At best, the public has difficulty accepting reversal of convictions. When convictions are reversed upon sound reasoning, clearly expressed, we can only hope that observers will grant an accused the same protection they would desire if in the same position.
Reversals coupled with a contradiction of a previous opinion greatly exacerbate public umbrage. And, when that contradiction is not mere oversight, but wrought through disingenuous language, the public should not and will not forgive us.
The decision on this case is inconsistent with McBrayer. McBrayer should be overruled, and therefore I concur only in the result of today's opinion.
GRIFFIN, J., joins this opinion.
ROBERTSON, Justice, concurring:
This case suggests a point often missed. Whether the prosecution should get a lesser included offense instruction is governed by different  and stricter  rules than are applied to the defense.
Prosecution requests are regulated by Miss. Code Ann. 99-19-5 (1972) and by the command of federal and state constitutions that the accused be informed of "the nature and cause of the accusation." Miss. Const. Art 3, 26 (1890). To be a lesser included offense, it must be impossible to commit the greater without also committing the lesser. The lesser included offense must not require some additional element not needed to constitute the greater offense. Any other rule would offend the accused's notice rights. The only exception to the rule arises in a murder case where the prosecution asks a manslaughter instruction. See Isom v. State, 481 So.2d 820, 824-25 (Miss. 1985) (Robertson, J., concurring). That exception was engrafted into our law before we recognized that "heat of passion" was an affirmative element of the offense of manslaughter, Miss. *419 Code Ann. 97-3-35 (1972) not present in murder, Miss. Code Ann. 97-3-19 (Supp. 1988).
In this view, child fondling is not a lesser included offense of the principal charge of rape, as the majority ably demonstrates. I agree that Hailey's conviction must be reversed.
Defense requests are governed by broader rules. Mutuality is no prerequisite to a defendant's entitlement that the jury be instructed regarding a lesser offense. See United States v. Whitaker, 447 F.2d 314, 319 (D.C. Cir.1971). Rather we consult a factual nexus test. Here for clarity we ought use the label "lesser offense", as distinguished from "lesser included offense". The defendant may request an instruction regarding any offense carrying a lesser punishment arising out of a common nucleus of operative fact with the factual scenario giving rise to the charge laid in the indictment. See Griffin v. State, 533 So.2d 444, 447-48 (Miss. 1988). The notice problem vanishes, as a request for a lesser offense instruction containing elements not necessary to the greater offense effects a waiver of defendant's notice rights. Of course, there must be an evidentiary basis for any such defense request. Harper v. State, 478 So.2d 1017, 1021 (Miss. 1985); Lee v. State, 469 So.2d 1225, 1230-31 (Miss. 1985). Where the evidence warrants it, the accused of right may demand a lesser offense instruction notwithstanding that the prosecution on the same proof may not. Hailey would have been entitled to a fondling instruction had he requested such.
The jury below found Hailey guilty of child fondling. That verdict necessarily acquitted Hailey on the charge of forcible rape. I concur in the majority's directive that the case be reversed and remanded "for further proceedings not inconsistent with this opinion"  so long as it be understood clearly that there are no further proceedings that may be had consistent "with this opinion".
GRIFFIN, Justice, concurring in part and dissenting in part:
While I agree with Judge Hawkins's observations concerning McBrayer v. State, 467 So.2d 647 (Miss. 1985), I would go further with my criticism of the majority opinion.
With due deference to the opinion of the majority, I cannot understand why a charge of forcible rape would not as a matter of common logic embrace all of the elements of fondling as set forth in the majority opinion. I cite the majority opinion as follows:
Thus, the elements of child fondling are:
1) a handling or touching or rubbing
2) of a child under the age of 14 years
3) by a person above the age of 18 years
4) for purposes of gratifying lust or indulging licentious sexual desires.
All of the items were proven by the evidence. Next the majority opinion cites the elements of rape, as follows:
1) carnal knowledge
2) without consent and by force
3) of a female child age 12 years or upward.
All of these elements are shown by the evidence. The only thing lacking that would require affirmance is the failure of the indictment to recite that the girl was under 14 years of age and the defendant was above the age of 18. Were these facts alleged, there would be no reason that the trial judge could not have given a lesser included instruction. I reiterate that I cannot understand how one could be guilty of rape and at one and the same time not be guilty of the lesser offense of fondling.
All of the criteria of Miss. Code Ann. § 99-19-5 (1972) were met in this case. Said code section reads as follows:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in *420 the indictment for that purpose. (emphasis added)
See also, Callahan v. State, 419 So.2d 165, 177 (1982) (The law is clear that on indictment for any offense the jury may find the defendant guilty of the offense as charged or any attempt to commit the same offense or may find him guilty of a lesser offense).
Taken one step further, this Court has interpreted said lesser offenses to be "necessarily included in the greater offense."
While a literal reading of this statute appears to authorize a jury to convict of another offense of the same gravity "which is necessarily included in the offense with which he is charged in the indictment," all of this Court's cases under this section have dealt with an inferior offense necessarily included within the more serious offense.
Sanders v. State, 479 So.2d 1097, 1105 (Miss. 1985). See also, Gillum v. State, 468 So.2d 856, 861 (Miss. 1985); Cannaday v. State, 455 So.2d 713, 725 (Miss. 1984); Biles v. State, 338 So.2d 1004 (Miss. 1976); Gray v. State, 220 Miss. 220, 70 So.2d 524 (1954); Boggan v. State, 176 Miss. 655, 170 So. 282 (1936); Brown v. State, 103 Miss. 664, 60 So. 727 (1913); Bedell v. State, 50 Miss. 492 (1874).
We have also held it to be error to instruct a jury on an offense not necessarily included in the indictment. See, Wilcher v. State, 455 So.2d 727, 734 (Miss. 1984); Barnes v. State, 249 So.2d 383, 386 (Miss. 1971); Bell v. State, 149 Miss. 745, 115 So. 896 (1928); Scott v. State, 60 Miss. 268 (1882); Moore v. State, 59 Miss. 25 (1881).
Finally, there must be some evidence to support the lesser included offense. See, Lee v. State, 469 So.2d 1225 (Miss. 1985); Ruffin v. State, 444 So.2d 839 (Miss. 1984); Lambert v. State, 462 So.2d 308 (Miss. 1984); Colburn v. State, 431 So.2d 1111 (Miss. 1983); and Presley v. State, 321 So.2d 309 (Miss. 1975).
Recently in Grayer v. State, 519 So.2d 438 (Miss. 1988), this Court held that assault with intent to rape "is sufficiently a constituent offense of forcible rape such that a plea-bargain-induced guilty plea thereto under an indictment charging forcible rape will withstand subsequent post-conviction attack."
In footnote 3 of that same opinion, we elaborated upon other situations involving constituent offenses, and said:
By way of analogy, we consider heat of passion manslaughter a lesser included offense to the charge of murder, even though that particular form of manslaughter contemplates proof of a fact inconsistent with the principal charge of murder. See Isom v. State, 481 So.2d 820, 824-25 (Miss. 1985). Similarly, negligent homicide while intoxicated, Miss. Code Ann. § 63-11-30 (Supp. 1987) is a lesser included offense to culpable negligence manslaughter, Miss. Code Ann. § 97-3-47 (1972), even though driving while intoxicated is not a necessary element of the latter offense. See Craig v. State, 520 So.2d 487 (Miss. 1988).
In Craig, we held that felony D.U.I. (Code Section 63-11-30, supra) was a lesser included offense of involuntary manslaughter. These acts are in separate chapters of the code and the felony D.U.I. statute followed the involuntary manslaughter statute (Code Section 93-3-47, supra,) by at least a hundred years.
My purpose in writing is to object from any inference that fondling cannot be a lesser included offense of rape.
I concur in the result.
ANDERSON, J., joins this opinion.
NOTES
[1] The Legislature has since amended the age provision of the rape statute to make consent or force irrelevant for children under the age of 14. See Miss. Code Ann. 97-3-65(1) and (2) (Supp. 1987), 1985 Miss. Laws chapt. 389, effective from and after July 1, 1985.
[1] McBrayer v. State, 467 So.2d at 647-48, called this the statutory rape statute. Technically, this is incorrect. The "statutory rape" statute is § 97-3-67.
[2] Another fault was pointed out in McBrayer, 467 So.2d at 649 (Walker, P.J., dissenting). The majority's recital of facts acknowledged that earlier on the same night McBrayer committed the separate and distinct offense of fondling without engaging in sexual intercourse.
[3] It was Humpty Dumpty in Lewis Carroll's Alice's Adventures in Wonderland (1865), who said, "When I use a word, ... it means just what I choose it to mean  neither more nor less." Id. at 190 (R.L. Green ed. 1971).