KING, J., for the Court:
¶ 1. Jerry Lee Mack was convicted of aggravated assault and murder for which he was sentenced to serve terms of twenty (20) years and life imprisonment, respectively, in the custody of the Mississippi Department of Corrections. Aggrieved by his convictions and sentences, Mack has appealed and assigned two errors:
I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
II. THE LOWER COURT ERRED IN REFUSING TO GRANT A LESSER-INCLUDED OFFENSE INSTRUCTION OF MANSLAUGHTER.
¶ 2. Finding no error, this Court affirms the circuit court judgment.

FACTS

¶ 3. On the morning of November 19, 1994, Lorraine Mack (Mrs. Mack) was at the 467 Club in Edwards, Mississippi with LaTamara Jones (Jones). Jerry Mack (Mack), her ex-husband, stood outside the *1067 club and requested that his cousin walk inside and ask Mrs. Mack to meet him. When Mrs. Mack refused, Mack walked into the club and struck her in the face. She became angry and stated that she would get someone to deal with him. Shortly thereafter, Mrs. Mack left the club with Jones.
¶4. The two ladies went to the apartment of Ronnie Robinson (Robinson) and Alberta Jones, LaTamara’s mother, to retrieve Mrs. Mack’s purse. After Mrs. Mack entered the apartment, Robinson noticed that she had an injury and suggested that she seek medical attention. According to Mrs. Mack, she checked the extent of her injury in the bathroom mirror and then decided to go to the hospital. As she prepared to depart for the hospital, she saw Jessie Washington (Washington), a friend of Robinson’s, drive into the apartment complex parking lot. At approximately the same time, she saw Mack drive into and out of the parking lot.
¶ 5. After Mrs. Mack’s departure for the hospital, Robinson and Washington decided to go to a nightclub at the outskirts of .Bolton, Mississippi. According to Robinson, as Washington drove in the right lane of Frontage Road, Mack suddenly approached the back of their car in a brown, early model Cadillac and drove into the left lane. He then pointed a shotgun out of the passenger side window.
¶ 6. Washington let the driver’s side window down and the parties exchanged words. Mack then opened fire, shooting into the driver’s side door several times. Washington was shot in the left side of the head.
¶ 7. The car remained in gear and rolled down the road 30 or 40 feet. It came to a stop in a ditch. As Robinson reached over to open the driver’s side door, Mack shot into it.
¶ 8. At some point, Mack left this immediate area. Robinson got out of the car and used his cellular phone to call for assistance. As he began walking back up Frontage Road, he noticed that Mack was on foot and had begun shooting again with a .22 caliber rifle. To protect himself, Robinson ran and hid in some bushes beside the road.
¶ 9. Within minutes an ambulance and Hinds County Sheriffs Department deputies arrived. Robinson was rushed to the hospital and found to have injuries to his back, neck, and right shoulder. It was later determined that Washington died at the scene from a shotgun wound to the head.
¶ 10. Mack denied that the events occurred in the manner described by Robinson. According to Mack, while driving on Frontage Road, Washington and Robinson initiated an altercation with him. He alleged that he fired into Washington’s ear in an effort to defend himself.
¶ 11. Mack was subsequently indicted for the murder of Washington and aggravated assault on Robinson. A trial was held and the jury convicted him of both charges. Mack’s motion for new trial and judgment notwithstanding the verdict having been denied, he now appeals his convictions and sentences.

ISSUES

I. THE VERDICT OF THE JURY WAS AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE.
¶ 12. Mack contends that the evidence is against the overwhelming weight of the evidence and therefore, he should have been granted a new trial.

Standard of Review

In determining whether or not a jury verdict is against the overwhelming weight of the evidence, this Court must accept as true the evidence which supports the verdict and will reverse only when it is convinced that the circuit court has abused its discretion in failing to grant a new trial.
*1068 Isaac v. State, 645 So.2d 903, 907 (Miss. 1994).

Analysis

¶ 13. Mack alleges that he was not the aggressor in the instant case. He testified that Washington and Robinson forced his car into the left lane on Frontage Road. While driving in the left lane, Mack begged them to leave him alone, but they continued to drive close to him in the right lane. Robinson pointed a handgun across Washington, and Washington shouted for Robinson to shoot him. At this point, Mack shot through the driver’s side door with a .22 caliber rifle. When the rifle jammed, he picked up either a .22 caliber pistol or a shotgun and shot Washington’s car in an effort to scare them away.
¶ 14. Though Mack contends that fear was the catalyst for his actions, a careful review of his testimony and the State’s photographs of Washington’s car suggests the contrary. Mack’s actions when viewed in their entirety appear to have been inconsistent with the physical evidence. The physical evidence suggests that Mack acted as the aggressor rather than the victim.
¶ 15. The State took photographs of the physical evidence including Washington’s car. These photographs were numbered and used as State exhibits during trial. State exhibit 16 displayed the penetration point of shotgun pellets near the middle of Washington’s driver’s side door and a larger rifle hole along the trim line of the driver’s side door. A bullet hole through the upper left portion of the windshield was also identified in this exhibit. State exhibits 3 and 12 revealed numerous holes from shotgun pellets in the right side of the rear window of Washington’s car. State Exhibits 13 and 14 revealed where a shotgun had been fired through Washington’s right passenger window.
¶ 16. Mack testified to having used three types of weapons and firing at least five times. Although he claimed to have been in fear throughout the entire incident, the number of weapons used, the number of gunshots fired, and the positioning of the gunshot holes on Washington’s car (the windshield, driver’s side door, passenger window and rear window), were evidence from which the jury might deduce that fear was not the motivating factor for his actions. Accepting as true the evidence which supported the guilty verdict, this Court finds that the State presented sufficient evidence for a jury to find that Mack both- knowingly caused bodily injury to Robinson with a deadly weapon and murdered Washington.
II. THE LOWER COURT ERRED IN REFUSING TO GRANT A LESSER-INCLUDED-OFFENSE INSTRUCTION OF MANSLAUGHTER.
¶ 17. Mack contends that the trial court erred in refusing to grant a lesser-included-offense instruction on manslaughter.

Law

[A] lesser-included instruction should be granted unless the trial judge and ultimately this Court can say, taking the evidence in the light most favorable to the accused, and considering all the' reasonable inferences which may be drawn in favor of the accused from the evidence, that no reasonable jury could find the defendant guilty of the lesser-included offense (conversely, not guilty of at least one essential element of the principal charge).
Randall v. State, 716 So.2d 584, 590 (Miss.1998).

Analysis

¶ 18. Miss.Code Ann. 97-3-35 (Rev.1994) defines manslaughter as the killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner. In the ‘heat of passion’ refers to passion or fear suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. BLACK’S LAW DICTIONARY 722 (6th ed.1990).
*1069 ¶ 19. Mack’s theories of fear and self-defense allegedly originated from the same facts in the instant case-Ronnie’s pointing of a gun at him. The jury was.given a self-defense instruction on the defense’s behalf, but disregarded this instruction and rendered a guilty verdict of murder. Mack’s use of three types of weapons and the extent of gun shot holes found in the body and windows of Washington’s car were sufficient evidence from which the jury might find him guilty of murder rather than manslaughter. Viewing the evidence in the light most favorable to Mack and considering all reasonable inferences which could have been drawn in Mack’s favor, this Court does not find that an evidentiary basis existed in the record to have supported the giving of a manslaughter instruction. The trial court did not err in failing to give such an instruction.
¶ 20. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF AGGRAVATED ASSAULT AND MURDER AND SENTENCES OF TWENTY(20) YEARS AND LIFE IMPRISONMENT, RESPECTIVELY, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. SENTENCES IMPOSED SHALL RUN CONCURRENTLY. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
BRIDGES, C.J., McMILLIN and THOMAS, P.JJ., COLEMAN, DIAZ, IRVING, LEE, PAYNE, and SOUTHWICK, JJ., CONCUR.