749 So.2d 232 (1999)
Cecil Henry HINES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1998-KA-01841-COA.
Court of Appeals of Mississippi.
August 17, 1999.
Azki Shah, Clarksdale, Attorney for Appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, Attorney for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
BRIDGES, J., for the Court:
¶ 1. Cecil Henry Hines was tried and convicted of the crimes of murder, taking possession of a motor vehicle, and felon in possession of a firearm. He was sentenced to life imprisonment under Count I, a term of five years for Count II, and a term of three years for Count III, to run concurrently, in the Mississippi Department *233 of Corrections. On appeal, Hines challenges the murder conviction asserting the trial court's refusal to grant a manslaughter instruction is reversible error. We affirm.
¶ 2. Considering all of the evidence in the light most favorable to the accused, and considering all reasonable favorable inferences which may be drawn in favor of the accused from the evidence, the trial judge must submit a lesser-included instruction unless the trial court can say that no reasonable jury could find the defendant not guilty of at least one essential element of the principal charge. Greenlee v. State, 725 So.2d 816, 822 (Miss.1998). Moreover, "[t]he evidence must warrant an instruction on the lesser-included offense before it can be granted." Id. (quoting Graham v. State, 582 So.2d 1014, 1017 (Miss.1991)).
¶ 3. In order for Hines to have been entitled to a lesser-included-offense instruction, he must show evidence in the record from which a jury could, other than by mere surmise, find him not guilty of the crime with which he was charged and at the same time, find him guilty of a lesser-included-offense. Toliver v. State, 600 So.2d 186, 192 (Miss.1992). A homicide can be reduced from murder to manslaughter if committed when in the heat of passion.
¶ 4. Heat of passion has been defined by this Court as:
In criminal law, a state of violent and uncontrollable rage engendered by a blow or certain other provocation given, [] will reduce a homicide from the grade of murder to that of manslaughter. Passion or anger suddenly aroused at the time by some immediate and reasonable provocation, by words or acts of one at the time. The term includes an emotional state of mind characterized by anger, rage, hatred, furious resentment or terror.
Tait v. State, 669 So.2d 85, 89 (Miss.1996) (quoting Buchanan v. State, 567 So.2d 194, 197 (Miss.1990)). The thrust of Hines's argument is that he could have been found guilty of the lesser-included-offense due to his testimony in his confession that the victim, Michael Malone, had beaten Hines severely the night before in a drunken rage because Hines had failed to complete certain chores around the house as instructed by Malone. Hines lived with Malone off and on. Although the investigating officers did not see any bruises, photographs were taken of Hines. These photographs were published to the jury.
¶ 5. According to Hines's statement, after beating Hines, Malone ordered him to sit in a chair the remainder of the night without going to sleep. Malone fell asleep on the couch. The next morning, Hines got up and did his chores, went to the store, put gas in Malone's truck, cut the grass, cleaned the nets and stocked the boat. Hines reentered the house, and shot Malone repeatedly while Malone slept on the couch. Hines told the investigating officers that he placed the murder weapon under the back of the house and threw the shell casings from the side porch into the field next to the house. Thereafter, Hines placed his belongings into the truck and left.
¶ 6. The investigators found the .22 rifle where Hines described it to be. A palm print lifted from the rifle matched Hines's palm print. Expert testimony presented by the State confirmed that Malone had seven holes in his head caused by six gunshot wounds.
¶ 7. In Greenlee v. State, 725 So.2d 816 (Miss.1998), the Mississippi Supreme Court held the evidence did not warrant a manslaughter instruction where the victim was asleep when her son shot her in the head, even if there was an argument between Greenlee and his mother. The court found that sufficient time had passed for the victim to fall asleep, and for Greenlee to walk into his mother's room to retrieve his gun, walk back to his room, load *234 the gun with two bullets, walk into the living room aim the gun at her head and shoot.
The jury could only have returned a verdict of manslaughter by finding affirmatively that [the defendant] acted without deliberate design and in the heat of passion, matters with respect to which there was no evidentiary basis in the record. "Such matters may not be inferred." Fairchild[v. State], 459 So.2d [793] at 802 [(Miss.1984)].
Upon reviewing the evidence in this case, it is clear to this Court that the manslaughter instruction which was tendered by [the defendant] should not have been given. There is simply no evidence in the caseoffered by the State or by the defensewhich would change the character of the killing so that a reasonable jury could affirmatively find that the killing of [the victim] was manslaughter. The trial judge did not commit error in refusing to submit this instruction to the jury.
Id. at 822-23.
¶ 8. Likewise, even if Malone had beaten Hines during the early morning hours of July 18, enough time had passed for Hines to cut the grass, clean the nets, stock the boat, and get gas in the truck. He then determined to shoot Malone while Malone slept on the couch. The trial judge did not commit error in refusing to submit a lesser-included-offense instruction to the jury. Therefore, this assignment of error is without merit. The conviction of murder and sentence are affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF COUNT I CONVICTION OF MURDER AND SENTENCE TO A TERM OF LIFE IMPRISONMENT; COUNT II CONVICTION OF TAKING POSSESSION OF A MOTOR VEHICLE AND SENTENCE OF FIVE YEARS; COUNT III CONVICTION OF POSSESSION OF A FIREARM BY A FELON AND SENTENCE OF THREE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS TO BE SERVED CONCURRENTLY IS AFFIRMED. COSTS ARE TAXED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.