## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-KA-01854-SCT

*STATE OF MISSISSIPPI*

*v.*

*TOMMY DEAN SHAW*

## ON MOTION FOR REHEARING

DATE OF JUDGMENT: 11/8/2001
TRIAL JUDGE: HON. JERRY O. TERRY, SR.
COURT FROM WHICH APPEALED: STONE COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT: CHRISTOPHER LOUIS SCHMIDT
CONO A. CARANNA
WAYNE SNUGGS
ATTORNEYS FOR APPELLEE: TADD PARSONS
JACK PARSONS
DISTRICT ATTORNEY: CONO A. CARANNA, II
NATURE OF THE CASE: CRIMINAL - FELONY
DISPOSITION: PRESENTED QUESTION ANSWERED - 08/12/2004
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1. The motion for rehearing is granted. The original opinions are withdrawn, and these opinions are substituted therefor.

¶2. Relying on *Harris v. State*, 723 So.2d 546 (Miss. 1997), the Circuit Court of Stone County granted a directed verdict for Tommy Dean Shaw on the indicted charge of murder and would not allow the jury to consider whether Shaw was guilty of the unindicted crime of manslaughter. The State of Mississippi appeals the entry of the directed verdict. The State argues that if the State fails to make out

a prima facie case on the charge of murder, the trial judge should have the discretion to enter a "limited" directed verdict as to the murder charge and to submit the case to the jury on the unindicted offense of manslaughter.

## FACTS AND PROCEEDINGS BELOW

¶3.     Tommy Dean Shaw ("Shaw") was indicted by the Grand Jury of Stone County on November 22, 2000, for the crime of murder in violation of Miss. Code Ann. § 97-3-19(1)(a) (1972).  Following a 2001 mistrial in Stone County, trial began in Stone County on November 5, 2001.  After a three-day trial, the court granted a directed verdict of acquittal on the indicted charge of murder and would not allow the jury to consider whether Shaw was guilty of the unindicted crime of manslaughter.   Relying on *Harris v. State*, 723 So.2d 546 (Miss. 1997), the trial judge ruled that the State had failed to make a prima facie case on the indicted murder charge; therefore, the trial court determined that it was obligated to grant a directed verdict of acquittal on the charge of murder and not permitted to submit the case to the jury on manslaughter, a lesser unindicted offense.

¶4.     Pursuant to Miss. Code Ann. § 99-35-103(b) (Rev. 2000),[1] which provides in relevant part that:

> The state or any municipal corporation may prosecute an appeal from a judgment of the circuit court in a criminal cause in the following cases:
>
> . . . .
>
> (b)     From a judgment actually acquitting the defendant where a question of law has been decided adversely to the state or municipality; but in such case the appeal shall not subject the defendant to further prosecution, nor shall the judgment of acquittal be reversed, but the Supreme Court shall nevertheless decide the question of law presented.

_____

[1] This statute renders this appeal as one of "no controversy" since it will not subject the defendant to further prosecution or reversal of the trial court's acquittal.  Under the statute  there is no need for the defendant to respond to this appeal.

2

The State seeks redress only as to a pure question of law and not for the purpose of further prosecution of Shaw. The State does not contest the trial judge's rulings as to the "facts" but only contends that this Court's ruling in *Harris* is distinguishable from the facts in the case at hand.

## DISCUSSION

¶5.    Since the issue presented is a question of law, we conduct de novo review. *Ostrander v. State*, 803 So.2d 1172, 1174 (Miss. 2002) (citing *Dep't of Human Servs. v. Gaddis*, 730 So.2d 1116, 1117 (Miss. 1998)).

¶6.    The State argues that the trial court's ruling relying on *Harris* is contrary to the modern trend of allowing trial courts to submit a lesser charge to the jury without the necessity of a separate count in the indictment, if the court directs a verdict on the charge in the indictment. The State argues that a defendant under indictment for murder is sufficiently on notice that the subsequent submission of the charge of manslaughter, for which the defendant is not under indictment, does not cause prejudice. Further, the State argues that submitting to the jury a lesser unindicted crime is not contrary to the well-established precedent of allowing trial judges to submit uncharged lesser- included offenses to the jury upon a limited directed verdict acquitting the defendant of the superior offense.

¶7.    The State alleges that manslaughter is a lesser-included offense to murder; and therefore, under current precedent, it should have been permitted to proceed. The State claims the present facts are very different from those in *Harris*; therefore, *Harris* should not be controlling. Finally, the State argues that since this Court has authority to find a defendant guilty of lesser-included offenses, the trial court should be able to give instructions on lesser offenses.

¶8.    In *Harris*, the defendant was indicted on three charges of deliberate design murder under Miss. Code Ann. § 97-3-19 (1972) after a shootout on Mill Street in Jackson, Mississippi. 723 So.2d at 547.

Harris and two other defendants had fired weapons into a Jeep Cherokee killing Doris, Harold, and Hosea Williamson. *Id.* Harris fired shots from a .357 magnum handgun, while one of the other defendants used an AK-47 assault rifle. *Id.* At trial, an expert for the State testified that the three victims were killed by a high velocity weapon not a .357 magnum. *Id.* At the close of the State's case, Harris moved for directed verdict based on a lack of evidence that he had caused the deaths of the three victims. *Id.*

¶9. The trial judge granted a directed verdict, but allowed the State to proceed on three counts of the lesser offense of aggravated assault, charges for which Harris was never indicted. *Id.* The trial judge reasoned that an aggravated assault charge is a lesser-included offense of the deliberate design murder charge. *Id.* The jury convicted Harris of three counts of aggravated assault. *Id.* Harris appealed claiming that the "after the trial court granted him a directed verdict of acquittal on deliberate design murder, the State should not have been allowed to proceed on the theory that aggravated assault was a lesser-included offense of deliberate design murder." *Id.* We held that:

> A trial court determination of insufficiency leading to a directed verdict of acquittal on the charge of the indictment summarily concludes the State's case on the charge. If the State has made no other charges within the indictment, then the State is precluded from trying the defendant on a lesser offense. . . . a directed verdict on an indictment for murder is a bar to trying the defendant on aggravated assault, since he had not been indicted for the offense of aggravated assault.

*Id.* at 547-48. We further held that "[w]hen a trial court grants a defendant's motion for directed verdict, the trial court should not thereafter be permitted to alter or modify its apparently unqualified acquittal by permitting the State, through amendment of the accusatory pleading to charge necessarily included lesser offenses." *Id.* at 548. We relied on URCCC 7.06 which states that "[t]he indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the

accusation." We found that Harris was entitled to a grand jury indictment on aggravated assault. ***Id.*** We stated that "[t]he State cannot be allowed to charge only the highest offense and then test the evidence as it goes along until the burden for some lesser offense is met." ***Id.*** at 549.

¶10.    Shaw was indicted for murder under Miss. Code Ann. § 97-3-19(1)(a) which states:

>    (1)    The killing of a human being without the authority by law by any means or in any manner shall be murder in the following cases:
>
>        (a)    When done with deliberate design to effect the death of the person killed, or of any human being.

The State now asserts that the trial judge should have been authorized to issue a "limited" directed verdict as to the murder charge and allow the State to proceed on the lesser unindicted offense of manslaughter under Miss. Code Ann. § 97-3-35 which provides that "[t]he killing of a human being, without malice, in the heat of passion, but in a cruel or unusual manner; or by the use of a dangerous weapon, without authority of law, and not in necessary self-defense, shall be manslaughter." Murder requires "deliberate design" which implies some form of malice. Miss. Code Ann. § 97-3-19. On the other hand, manslaughter requires "without malice, in the heat of passion, but in a cruel or unusual manner; or by the use of a dangerous weapon" which specifically excludes malice. Miss. Code Ann. § 97-3-35.

¶11.    The State argues that since this Court has held that notice of a superior charge also includes notice of lesser-included offenses, it should also find notice of a superior charge includes notice of lesser offenses. *See* ***Payton v. State***, 642 So.2d 1328 (Miss. 1994); ***Porter v. State***, 616 So.2d 899 (Miss. 1993); ***Harveston v. State***, 493 So.2d 365 (Miss. 1986).

¶12.    Additionally, the State argues that since under Miss. Code. Ann. § 99-19-5, a jury can return a verdict on a lesser-included offense, it should also be able to consider a lesser offense. Section 99-19-5 provides that "[o]n an indictment for any offense the jury may find the defendant guilty of the offense as

charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose."

¶13.     There is a distinction between the lesser-included offense and lesser offenses. We have repeatedly allowed notice of a superior charge to stand for notice for an unindicted lesser-included offenses, but we have also refused to allow notice of a superior offense to suffice for a lesser offense for which the defendant was not indicted. In *Hailey*, we held that an indictment for forcible rape could not be submitted to the jury with an instruction for child fondling as it is not a lesser- included offense. 537 So.2d at 412. We found that "the indictment [for forcible rape] did not sufficiently inform Hailey that he might face a charge of child fondling." *Id.* The elements of rape included (1) carnal knowledge; (2) without consent and by force; and (3) of a female child age 12 years or upward. *Id.* at 414 (citing Miss. Code Ann. § 97-3-65(2) (1972)). The elements of child fondling included (1) a handling or touching or rubbing; (2) of a child under the age of 14 years; (3) by a person above the age of 18 years; and (4) for purposes of gratifying lust or indulging licentious sexual desires. *Id.* (citing Miss. Code Ann. § 97-5-23 (Supp. 1987)).

¶14.     Under Miss. Code Ann. § 99-19-5, the jury may only consider "inferior offenses 'necessarily included within the more serious offense.' " *Id.* (quoting *Sanders v. State*, 479 So.2d 1097, 1105 (Miss. 1985); *Gillum v. State*, 468 So.2d 856, 861 (Miss. 1985); *Cannaday v. State*, 455 So.2d 713, 725 (Miss. 1984)). *See also* *Biles v. State*, 338 So.2d 1004 (Miss. 1976); *Gray v. State*, 220 Miss. 220, 70 So.2d 524 (1954); *Bogan v. State*, 176 Miss. 655, 170 So. 282 (1936); *Brown v. State*, 103 Miss. 664, 60 So. 727 (1913); *Bedell v. State*, 50 Miss. 492 (1874). "[T]his section only authorize[s]

6

convictions of inferior constituent offenses unless there be an additional count in the indictment." 537 So.2d at 414-15 (citing *Callahan v. State*, 419 So.2d 165, 176 (Miss. 1982)). This Court held that "[i]f under the statute (1) the lesser offense is necessarily included within the statutory definition of the charged offense, or (2) the indictment contains such allegations that a lesser offense is necessarily charged in the indictment, then the State may receive the benefit of Miss. Code Ann. § 99-19-5 if the evidence supports an instruction on the lesser offense." *Id*. at 416. This is the scenario present in the case subjudice. Shaw was indicted for murder the elements of which do include all the requisite elements for manslaughter.

¶15.    We have relied on Miss. Code Ann. § 99-19-5 and found that an indictment for felony child abuse did not place a defendant on notice as to a possible charge of misdemeanor contributing to the neglect of a child. *Moore v. State*, 799 So.2d 89, 90-91 (Miss. 2001). We found that " 'if the State proved the elements of felonious child abuse, it would not follow a fortiori that all the elements of child neglect were also proven. ' "*Id.* at 91. (quoting *Payton*, 642 So.2d at 1334). "A defendant in a criminal case can be found guilty of a lesser-included offense, so long as it is necessarily a lesser-included offense of the offense charged." *Id.*

¶16.    Additionally, the Court of Appeals has held that an indictment for armed robbery necessarily included the offense of simple robbery; therefore, the jury could be instructed on the lesser-included offense even though it was not contained in the indictment. *Fulcher v. State*, 805 So.2d 556, 560-61 (Miss. Ct. App. 2001). " 'The purpose of an indictment is to put the defendant on notice of the nature and cause of the charges against him.' " *Id.* (quoting *Richardson v. State*, 769 So.2d 230, 233 (Miss. Ct. App. 2000)). The Court of Appeals held that " '[a] lesser-included offense by definition is one in which all its essential ingredients are contained in the offense for which the accused is indicted, but not all of the essential ingredients of the indicted offense.' " *Id.* at 560 (citing *Payton*, 642 So.2d at 1334 (quoting *Porter*, 616

7

So.2d at 909-10)). In rejecting the application of **Harris**, the Court of Appeals found that it dealt with a lesser-included offense; therefore **Harris** was inapplicable. **Id.** at 561.

¶17.    In **Odom v. State**, 767 So.2d 242, 246 (Miss. Ct. App. 2000), the Court of Appeals held that an instruction on the lesser-included offense of simple assault was proper when the indictment was for aggravated assault.  The Court found **Harris**,  inapplicable since this case involved a lesser-included offense, not a lesser offense.  **Id.** at 245.

¶18.    A "lesser-included offense" is very different than a "lesser offense."  The essential elements of a lesser-included offense are among the essential elements of the superior offense.  *See **Fulcher***, 805 So. 2d at 560 (citing **Payton**, 642 So.2d at 1334 (quoting **Porter**, 616 So.2d at 909-10). In his specially concurring opinion in **Porter**, Chief Justice Hawkins stated that:

> A lesser-included offense by definition is one in which *all* its essential ingredients are contained in the offense for which the accused is indicted, but not *all* of the essential ingredients of the indicted offense.  An accused could not be guilty of the offense for which he is indicted without at the same time being guilty of the lesser-included offense.  The lesser-included crime is encompassed within the crime for which the accused is indicted. ***Harper v. State***, 478 So.2d 1017, 1021 (Miss. 1985).  There may very well be a separate, distinct and less serious crime which the proof at trial shows the defendant committed, but this does not necessarily mean it is a lesser-included offense.  To constitute a lesser-included offense, every one of the essential ingredients must also constitute essential ingredients of the more serious crime of which the accused is *indicted*.

616 So.2d at 909-10.

¶19.    In **Ostrander**, the defendant was indicted for second offense DUI. 803 So.2d at 1173.  At the conclusion of the State's evidence, Ostrander moved for a directed verdict claiming that the State had failed to prove his prior DUI conviction, and as a result failed to prove a required element of its case.  **Id.**  The trial judge overruled his motion as to the case as a whole, but ruled that the prosecution could proceed on

8

a charge of first offense DUI since it was a lesser-included offense of second offense DUI. *Id.* at 1174.

The trial judge stated that

> The gist of this offense is operating a motor vehicle while impaired. The enhancement provided by the first, second, and third offenses concerns punishment. And amendments can be allowed to conform to the evidence and proof here. And certainly first offense DUI or first conviction DUI is a lesser offense of the second offense, which is a lesser offense of a third or felony offense.

*Id.* A jury found Ostrander guilty of first offense DUI. *Id.* On appeal, Ostrander argued that *Harris*

precluded the jury from convicted him of first offense DUI. We held that:

> This Court's decision in *Harris*, does not prevent the jury from convicting Ostrander of first offense DUI. In *Harris*, this Court concluded that "where the accusatory pleading fails separately to charge lesser-included offenses, and the court grants a motion for directed verdict of acquittal, the judgement of acquittal on the charged offense includes acquittal on all uncharged lesser-included felony offenses." *Id.* at 549. This holding must not be interpreted outside the factual and procedural context of *Harris*. In *Harris*, the trial court's grant of the defendant's motion for directed verdict was an "apparently unqualified acquittal." *Id.* at 548. This Court observed, "The difference between a directed verdict and a jury verdict lies only in the source; the effect of the acquittal is the same in either case." *Id.* (Citing *State ex rel. Robinson v. Blackburn*, 367 So.2d 360, 362-63 (La. 1979)). The Court also stated that "a judgment of acquittal, whether entered by jury verdict or by grant of a directed verdict should be accorded equal weight and consequences." *Id.* (Citing *People v. McElroy*, 208 Ca.App.3d 1415, 256 Cal.Rptr. 853, 858 (1989)). In the case at bar, the trial judge expressly limited his directed verdict to the second offense DUI. Such an acquittal, accompanied by an indication that the judgment did not encompass acquittal of the lesser-included offense, does not protect Ostrander from liability from the lesser offense necessarily included in the second offense DUI.

803 So.2d at 1176-77. We noted that "[n]o facts were altered by the directed verdict, and no defense

was suddenly unavailable." *Id.* at 1177. *Ostrander* involved the acquittal of a superior offense and the

State's proceeding on a lesser-included offense.

¶20.    The State cites to other jurisdictions: *People v. McElroy*, 208 Cal. App. 3d 1415, 256 Cal.

Rptr. 853 (Cal. Ct. App. 1989); *State v. Morris*, 331 N.W. 2d 48 (N.D. 1983); and *State v. Foster*,

433 N.W.2d 168 (Neb. 1988).

¶21.    In *McElroy*, the defendant was convicted of fifteen counts of robbery with the personal use of

a firearm, ten counts of robbery while armed with a firearm, two counts of robbery, one count of attempted

robbery with personal use of a firearm, and one count of attempted robbery while armed with a firearm.

208 Ca. App. 3d at 1418-19.  At the conclusion of the State's case, McElroy moved for acquittal as to

two of the counts of robbery claiming the evidence failed to show any property actually being taken. *Id.*

at 1422-23.  The State moved to amend one of these counts to attempted robbery, which was granted.

*Id.* at 1423.  On the other count, the State argued that property had been taken therefore a count of

robbery was justified.  *Id.*  The trial court disagreed and orally granted McElroy's motion for directed

verdict without qualification as to that count.  *Id.*  The State then moved to amend that count to attempted

robbery, which was granted over McElroy's objection.  *Id.*  In finding that the trial court's unqualified

acquittal prevented an attempted robbery conviction as to the one count, the court noted that "[o]ur

decision, of course, does not prohibit the trial court from appropriately limiting the impact of the grant of

[directed verdict] motion." *Id.* at 1424.  One major difference between *McElroy* and *Harris*, is that

*McElroy* deals with lesser-included offenses, whereas *Harris* deals with lesser offenses.

¶22.    In *Morris*, the defendants were convicted of possession of a controlled substance with intent to

deliver and possession of less than one half ounce of marijuana.  331 N.W.2d at 48. On appeal, the

defendants argued that the trial court erred in denying their motion for judgment of acquittal because there

was insufficient evidence for which the jury could convict.  *Id.* at 55.  In finding that the trial judge was

empowered to give a limited acquittal, the court stated that "[a] trial court's granting of a motion for judgment of acquittal with respect to the major offense charged does not preclude submission of the case to the jury on the basis of the lesser-included offense instruction unless, of course, the granting of the motion for acquittal extends to the lesser-included offenses." *Id.* at 56 (citing *Howard v. United States*, 237 F.2d 216 (D.C. Cir. 1956); *State v. Marti*, 290 N.W.2d 570 (Iowa 1980); *State v. Strong*, 339 S.W.2d 759 (Mo. 1960); *State v. Vincent*, 321 S.W.2d 439 (Mo. 1959)). Again, there is a major difference between *Morris* and *Harris*. *Morris* addresses acquittal of superior offenses and submission of lesser-included offenses to the jury. *Harris* addresses lesser offenses with different elements.

¶23. In *Foster*, the defendant was indicted with one count of first degree assault. 433 N.W.2d at 168. After closing arguments the judge noted that "there's a first degree assault charge against Mr. Foster, and its my impression as a matter of law that that charge fails because I feel that the–that the evidence is insufficient for any reasonable minds to conclude that there was a serious bodily injury." *Id.* at 168. The Court found the defendant could not be guilty of first degree assault, but submitted to the jury attempted first degree assault, a lesser-included offense. *Id.* at 168-69. The Court found that "where the State fails to demonstrate a prima facie case on the crime charged, but does so on a lessor included offense, the trial court in its discretion may direct a verdict on the crime charged and submit the evidence to the trier of fact for consideration on the lesser-included offense." *Id.* at 169. Again, *Foster* is different from *Harris*. *Foster* concerns a lesser-included offense, the elements of which are contained in the superior offense. *Harris* contains a lesser offense, the elements of which are different than those of the charge in the indictment.

¶24. The State argues that manslaughter is a lesser-included offense of murder, and, therefore, it is distinguished from *Harris* and should have been permitted to proceed.

¶25. *Harris* is inapplicable to the case sub judice because manslaughter has been consistently held by this Court to be a lesser-included offense of murder. The reliance by the trial court on *Harris* is misplaced. *Harris* dealt with a **lesser offense** and has no bearing on a **lesser-included offense** because "[c]rucial to that decision [*Harris*] is the fact that, under our longstanding precedents, assault is not viewed as a lesser-included offense to the crime of murder." *Wolfe v. State*, 743 So. 2d 380, 387 (Miss. 1999). *See also* *Fulcher v. State*, 805 So. 2d 556, 560-61 (Miss. Ct. App. 2001).

¶26. We have consistently held that an indictment for murder includes the lesser-included charge of manslaughter:

> The long-standing common-law rule is that an indictment for murder includes all lower grades of felonious homicide. Under this general rule, "on an indictment charging murder generally an accused may be found guilty of manslaughter . . . and, where manslaughter has been divided by statute into degrees, of any of the statutory degrees." 42 C.J.S. Indictments and Informations, § 280 (1944). This Court has repeatedly applied the general rule and upheld convictions of manslaughter obtained under an indictment for murder. *Wells v. State*, 305 So. 2d 333 (Miss. 1974); *Roberson v. State*, 257 So .2d 505 (Miss. 1972); *King v. State*, 251 Miss. 161, 168 So. 2d 637 (1964); *Calicoat v. State*, 131 Miss. 169, 95 So. 318 (1922).

*Kelly v. State*, 463 So. 2d 1070, 1073 (Miss. 1985).

¶27. The fact that manslaughter proof is inconsistent with that of murder is of no consequence. "[B]y way of analogy, we consider heat of passion manslaughter a lesser-included offense to the charge of murder, even though that particular form of manslaughter contemplates proof of facts inconsistent with the principal charge of murder." *Grayer v. State*, 519 So. 2d 438, 440 n.3 (Miss. 1988) (quoting *Isom v.*

12

*State*, 481 So. 2d 820, 824-25 (Miss. 1985). Manslaughter is a lesser-included offense of murder. *Id*. at 825.

¶28.    The Court of Appeals has also addressed the murder-manslaughter issue and stated, "[i]n order to authorize [a lesser-included offense] instruction the more serious offense must include all the elements of the lesser offense, that is, it is impossible to commit the greater offense without at the same time committing the lesser-included offense." *Hester v. State*, 841 So. 2d 158, 162 (Miss. Ct. App. 2002) (quoting *Shannon v. State*, 739 So. 2d 468 (Miss. Ct. App. 1999) (quoting *Sanders v. State*, 479 So. 2d 1097, 1098 (Miss. 1985))). The Court of Appeals found that manslaughter is a lesser-included offense of murder under the *Shannon* test. *Hester*, 841 So. 2d at 162.

¶29.    Along with our case law, our statutory law clearly allows the jury to find a defendant guilty for an "inferior offense" of the offense charged in the indictment.

> On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, *the commission of which is necessarily included in the offense with which he is charged in the indictment,* whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.

Miss. Code Ann. § 99-19-5 (Rev. 2000) (emphasis added).

¶30.    This case is clearly distinguishable from the Court's holding in *Harris*. Since manslaughter is a lesser-included offense of murder, the jury here should have been allowed to decide whether Shaw is guilty of that lesser-included offense.

## CONCLUSION

¶31.    The trial court erred in its application of our holding in *Harris*. The trial court erred in not allowing the State to submit to the jury whether Shaw was guilty of manslaughter as the lesser-included offense of murder.

¶32. **PRESENTED QUESTION ANSWERED.**

**SMITH, C.J., DICKINSON AND RANDOLPH, JJ., CONCUR. WALLER, P.J., CONCURS IN RESULT ONLY. CARLSON, J., DISSENTS WITH SEPARATE SEPARATE WRITTEN OPINION JOINED BY COBB, P.J. DIAZ AND GRAVES, JJ., NOT PARTICIPATING.**

**CARLSON, JUSTICE, DISSENTING:**

¶33. Because the majority finds that the trial court erred in not allowing the State to submit to the jury whether Shaw was guilty of manslaughter after the trial court directed a verdict on the charge of murder, the sole count of the indictment, I must respectfully dissent.

¶34. Relying on *Harris v. State*, 723 So.2d 546 (Miss. 1997), Judge Jerry O. Terry ruled that the State had failed to make out a prima facie case on the indicted murder charge, and he was then obligated to grant a directed verdict of acquittal on the charge of murder and not permit the case to be submitted to the jury on manslaughter, a lesser unindicted offense. Finding that the trial court was correct under then-existing case law in granting a directed verdict after the State failed to prove, beyond a reasonable doubt, all the elements of murder and finding that the defendant did not request a manslaughter instruction be submitted to the jury, I would find that this case against this defendant was properly ended by the trial judge.

¶35. Our State's jurisprudence has always acknowledged the unique relationship between murder and manslaughter.[2] Mississippi case law is replete with cases where one is on trial for the solely indicted crime of murder. Before April 20, 2004,[3] if the evidence supports a manslaughter instruction, either the State

---

[2]*See also* the excellently written article of Professor Michael H. Hoffheimer entitled *Murder and Manslaughter in Mississippi: Unintentional Killings*, 71 Miss. L.J. 35 (Fall 2001).

[3]On April 20, 2004, Miss. Code Ann. § 97-3-19 was amended to state that "[a]n indictment for murder or capital murder shall serve as notice to the defendant that the indictment may include any

14

could request such an instruction, with no objection by the defendant, or the defendant could request a manslaughter instruction allowing the jury the opportunity to convict on a lesser charge. "In many cases, probably a majority, the jury is instructed in a trial under an indictment for murder that if murder is not proven, the jury, under proper instructions regarding the evidence, might find the accused guilty of the lesser crime of manslaughter." *Tapp v. State*, 373 So.2d 1029, 1031-32 (Miss. 1979). In *Green v. State*, 631 So.2d 167, 171 (Miss. 1994), Green was indicted for murder; however, the jury rejected the charge of murder and found Green guilty of the crime of manslaughter pursuant to Miss. Code Ann. § 99-19-5. In *Sheppard v. State*, 777 So.2d 659, 660 (Miss. 2000), Shepard was indicted for murder by the Hinds County Grand Jury; however, the defendant was convicted of the lesser offense of manslaughter.

¶36.    Pursuant to the Mississippi Uniform Rules of Circuit and County Court Practice (URCCC), and more specifically URCCC 7.06, all indictments "shall fully notify the defendant of the nature and cause of the accusation." We have repeatedly allowed notice of a superior charge to stand for notice of a lesser-included offense, but we have also refused to allow notice of a superior offense to suffice for notice of a lesser unindicted offense. In *Grayer v. State*, 519 So. 2d 438 (Miss. 1988), Grayer was indicted under Miss. Code Ann. § 2358 (1942) for the crime of forcible rape; however, he was later allowed to plead guilty under the same indictment to the crime of assault with intent to rape, whereupon he was sentenced by the trial judge to ten years imprisonment. This conviction was later used after a subsequent conviction for another crime to enhance his punishment as a habitual offender. Thus, Grayer, via post-conviction

---

and all lesser included offenses thereof, including, but not limited to, manslaughter. Senate Bill 2438, 2004 Miss. Laws ch. 393 (S.B. 2438). This amendment took effect from and after its passage and is not retroactive; therefore, this amendment does not apply to the case sub judice. However, this amendment now serves as notice to all persons indicted for murder that such an indictment is also an indictment for manslaughter.

proceedings in the trial court and on appeal to this Court, attempted to have his 1970 conviction for assault with intent to rape vacated. This Court held that assault with intent to rape was a lesser included, constituent offense of forcible rape permitting the guilty plea of assault with intent to rape to stand. *Id.* at 440.

¶37. In *Hailey v. State*, 537 So. 2d 411 (Miss. 1988), Hailey was convicted of child fondling; however, this Court reversed the conviction finding that the rape indictment did not sufficiently notify Hailey as to the possibility of a child fondling charge. We noted that the elements of rape are (1) carnal knowledge, (2) without consent and by force and (3) of a female child age 12 years or upward. Miss. Code Ann. § 97-3-65(2). *See also Hailey*, 537 So. 2d at 414. We further noted that the elements of child fondling are (1) handling, touching or rubbing, (2) of a child under the age of 14 years, (3) by a person above the age of 18 years and (4) for purposes of gratifying lust or indulging licentious sexual desires. Miss. Code Ann. § 97-5-23. *See also Hailey*, 537 So. 2d at 414. This Court held that under the notice requirements of the then-existing Unif. Crim. R. Cir. Ct. Prac Rule 2.05, the indictment charging rape did not "sufficiently notify Hailey that he might face a charge of child fondling." *Id.* at 416.

> Since child fondling could not be a necessarily included offense of forcible rape either as a matter of law or under the indictment, and there was not an additional count in the indictment alleging child fondling, under our rules, under the constitutions of both the United States and of the State of Mississippi, and under Miss. Code Ann. § 99-19-5 (1972), an instruction on child fondling should not have been given.

*Id.* at 416.

¶38. I was the trial judge in *Hailey*, and quite frankly, after this Court's pronouncement in *Hailey*, notwithstanding the fact that *Hailey* was not a murder case, I was of the opinion that in a murder case, a manslaughter instruction could be given only if (1) supported by the evidence, *and* (2) if requested or agreed to by the defendant. In other words, if the defendant chose to "roll the dice" and go all or nothing

16

on murder, then the defendant had that option and a manslaughter instruction could not be given sua sponte by the trial court or upon request of the State, if the defendant objected.

¶39.    In *Harris v. State*, 723 So.2d 546 (Miss. 1997), Harris was convicted on an unindicted charge of aggravated assault following a directed verdict of acquittal on charges of deliberate design murder. This Court reversed the case finding that the State should not have been allowed to proceed on the theory that aggravated assault was a lesser included offense of deliberate design murder. *Id.* at 547. This Court held that once a trial court determines that the State has failed to prove its burden on the indicted charge and, therefore, grants a directed verdict, the State's case is concluded and the State is prevented from trying the defendant on the unindicted offense. *Id.* at 547-48.

¶40.    In a specially concurring opinion in *Porter v. State*, 616 So.2d 899 (Miss. 1993), Chief Justice Hawkins clearly defined a "lesser-included offense" as:

> one in which *all* its essential ingredients are contained in the offense for which the accused is indicted, but not *all* of the essential ingredients of the indicted offense. An accused could not be guilty of the offense for which he is indicted without at the same time being guilty of the lesser included offense. The lesser included crime is encompassed within the crime for which the accused is indicted. *Harper v. State*, 478 So.2d 1017, 1021 (Miss.1985). There may very well be a separate, distinct and less serious crime which the proof at trial shows the defendant committed, but this does not necessarily mean it is a lesser included offense. To constitute a lesser included offense, every one of the essential ingredients must also constitute essential ingredients of the more serious crime of which the accused is *indicted.*

*Porter*, 616 So.2d at 909-10 (Hawkins, C.J., specially concurring) (emphasis in original).

This Court, along with the Court of Appeals, has on numerous occasions held manslaughter to be a lesser-included offense of murder.  *See Fairley v. State*, 871 So.2d 1282, *2-3 (Miss. 2003) (This Court held the instruction which stated "manslaughter by culpable negligence is a lesser included offense of the crime of murder" was properly submitted to the jury.); *Agnew v. State*, 783 So.2d 699, 702, 704 (Miss. 2001)

(This Court held the trial court did not err in refusing to grant the jury instruction on manslaughter as a lesser-included offense.); *Wade v. State*, 748 So.2d 771, 777 (Miss. 1999) ("Using the "direct remand rule," this Court may remand the to the trial court for sentencing on what it deemed to be the lesser-included offense of manslaughter because the greater offense of murder was not proved although the elements of the lesser-included offense of manslaughter were sufficiently met."); *Hobson v. State*, 730 So.2d 20, 27 (Miss. 1998) (This Court found the trial court properly refused the instruction, requested by Hobson, which outlined the elements of the lesser included offense of heat of passion manslaughter.); *Clark v. State*, 693 So.2d 927, 931 (Miss. 1997) (This Court stated the circuit court properly granted an instruction for the lesser-included offense of manslaughter as well as the State's requested instruction for murder.); *Green v. State*, 631 So.2d 167, 173 (Miss. 1994) ("Manslaughter is a lesser included offense of murder."); *Mallett v. State*, 606 So.2d 1092, 1095 (Miss. 1992) (Because Mallett failed to request a jury an instruction on the lesser included offense of manslaughter and because the jury was properly instructed on self-defense or justifiable homicide, this Court found the issue regarding jury instructions to be without merit.); *Graham v. State*, 582 So.2d 1014, 1017 (Miss. 1991) (This Court found no evidence to support the submission of the lesser-included offense of manslaughter as an alternative to murder instructions to the jury.); *Cook v. State*, 467 So.2d 203, 209 (Miss. 1985) (This Court held that the instruction that submitted the lesser-included offense of manslaughter to the jury was properly granted by the trial.); *Lambert v. State*, 462 So.2d 308, 315 (Miss. 1984) (This Court determined that a jury instruction on the lesser-included offense of manslaughter was justified by the totality of the proof.); *Stevens v. State*, 458 So.2d 726, 731 (Miss. 1984) (This Court concluded that the evidence in the case sub judice did not warrant an instruction on the lesser-included offense of manslaughter.); *Ruffin v. State*,

18

444 So.2d 839, 840-41 (Miss. 1984) (This Court held that the trial court committed reversible error by refusing the submitted instructions on lesser included offense of manslaughter.); *Maxwell v. State* 856 So.2d 513, 515 (Miss. Ct. App. 2003) (The Court of Appeals found that the trial court properly refused to grant an instruction on the lesser-included offense of manslaughter since Maxwell and his counsel objected to such an instruction being given.); *Hester v. State*, 841 So.2d 158, 162 (Miss. Ct. App. 2002) (Using the test that the more serious offense must include all the elements of the lesser offense, the Court of Appeals determined manslaughter was a lesser-included offense of murder.); *Hines v. State*, 749 So.2d 232, 233 (Miss. Ct. App. 1999) (A homicide can be reduced from murder to the lesser-included offense of manslaughter if committed when in the heat of passion.); *Greenwood v. State*, 747 So.2d 273, 276 (Miss. Ct. App. 1999) (The Court of Appeals affirmed the conviction of murder after finding that the evidence presented during the course of the trial did not entitle Greenwood to a lesser-included-offense instruction.); *Mack v. State*, 736 So.2d 1066, 1068-69 (Miss. Ct. App. 1999) (The Court of Appeals held that no evidentiary basis existed in the record to have supported the giving a lesser-included offense instruction on manslaughter.).

¶41.     However, this Court, along with the Court of Appeals, has also found manslaughter to be a lesser offense of murder. *See Lee v. State*, 858 So.2d 124, 127 (Miss. 2003) (The trial court did not commit reversible error by refusing to grant the proposed jury instructions submitted by the defendant, "all of which embodied the lesser offense of manslaughter."); *Stevens v. State*, 808 So.2d 908, 913 (Miss. 2002) ("The defendant was convicted at the first trial of the lesser offense of manslaughter."); *Neal v. State*, 805 So.2d 520, 525 (Miss. 2002) ("Problems occur when the jury is given the option of murder, requiring deliberate design, or the lesser offense of manslaughter, which does not."); *Sheppard v. State*, 777 So.2d

659, 660 (Miss. 2000) (The defendant was indicted for murder and was convicted of the lesser offense of manslaughter and sentenced to twenty years.); *Durr v. State*, 722 So.2d 134, 134 (Miss. 1998) ("Durr was subsequently indicted and tried for murder, but was convicted of the lesser offense of manslaughter."); *Heidel v. State*, 587 So.2d 835, 841 (Miss. 1991) ("In today's case, the jury acquitted Heidel of murder and found him guilty of the lesser offense of manslaughter."); *Fowler v. State*, 566 So.2d 1194, 1196 (Miss. 1990) ("In due course, the jury returned a verdict that Fowler was guilty of the lesser offense of manslaughter."); *Williams v. State* 566 So.2d 469, 472 (Miss. 1990) (This Court determined that the evidence did not warrant a jury instruction on the lesser offense of manslaughter.); *Johnson v. State*, 475 So.2d 1136, 1148 (Miss. 1985) (This Court held that defendant, who had been convicted of murder, could not be prejudiced by the instructions which dealt with the lesser offense of manslaughter.); *Cooley v. State* 391 So.2d 614, 622 (Miss. 1980) ("The jury, however, in finding Cooley guilty of manslaughter acquitted him of murder and, since no other explanation appears from the record, apparently accepted Cooley's statement and found him guilty of the lesser offense of manslaughter."); *Tapp v. State*, 373 So.2d 1029, 1031-32 (Miss. 1979) ("All authorities heretofore have pointed out and it is obvious that the crime of manslaughter is a lesser crime than a charge of murder."); *Huffman v. State*, 192 Miss. 375, 6 So.2d 124, 125 (1942) (This Court has repeatedly held that "when the evidence would justify a conviction of murder, the defendant may not complain of a conviction of the lesser offense of manslaughter, nor of an instruction covering such offense."); *Pickett v. State*, 861 So.2d 1049, 1052 (Miss. Ct. App. 2003) (The Court of Appeals noted the strategy of the defense as being "that he might have gone to trial in hopes that he could be convicted of the lesser offense of manslaughter."); *Capnord v. State* 840 So.2d 826, 827 (Miss. Ct. App. 2003) (The Court of Appeals held that a defendant "who was initially indicted for murder

20

waived for appellate review the issue of whether his trial counsel's advice to plead guilty to the lesser offense of manslaughter constituted ineffective assistance of counsel, where the defendant failed to raise the issue at the trial court level."); *Moore v. State* 837 So.2d 794, 797 (Miss. Ct. App. 2003) ("The trial on the merits commenced on September 6, 2001, and at its conclusion, the jury found Moore guilty of the lesser offense of manslaughter."); *Laster v. State*, 811 So.2d 317, 320 (Miss. Ct. App. 2001) (citing *Clark v. State*, 693 So.2d 927, 932 (Miss. 1997)) ("It has long been the law in this State that a jury in a murder case may be instructed on and permitted to convict of the lesser crime of manslaughter so long as the facts are reasonably capable of being interpreted to support a manslaughter conviction."); *Robinson v. State*, 773 So.2d 943, 944 (Miss. Ct. App. 2000) ("The jury declined to convict for murder but returned a guilty verdict on the lesser offense of manslaughter."); *Ratcliff v. State* 752 So.2d 435, 437 (Miss. Ct. App. 1999) ("Following a trial held in the Lincoln County Circuit Court, the jury convicted Ratcliff of the lesser offense of manslaughter by culpable negligence."); *Pritchett v. State*, 744 So.2d 326, 330 (Miss. Ct. App. 1999) ("After a three-day trial, the jury returned a verdict finding Pritchett guilty of the lesser offense of manslaughter."); *Towner v. State*, 726 So.2d 251, 254 (Miss. Ct. App. 1998) (The Court of Appeals held that "where an accused, indicted for murder, is at trial entitled as of law to a directed verdict of acquittal on the murder charge, a subsequent jury verdict of guilty of the lesser offense of manslaughter cures the trial court's error in submitting the murder charge to the jury.").

¶42.    This Court, on occasion, has even referred to manslaughter as both a lesser-included offense of murder and a lesser offense of murder in the same opinion. *See Barber v. State*, 840 So.2d 100, 101-02 (Miss. 2003) ("The defendant argued that the trial court committed reversible error by refusing to grant proposed jury instructions DGP-14 and DGP-15, which embodied the lesser offense of manslaughter.")

("The defendant asserted that the jury should have been given the lesser-included charge of manslaughter to consider as a possible verdict."); *Poole v. State*, 826 So.2d 1222, 1230 (Miss. 2002) (The instruction submitted to the jury stated that if the State failed to prove its burden, beyond a reasonable doubt, on any of the elements of murder, the jury could consider the lesser offense of manslaughter.) (This Court has held that "a lesser-included offense instruction is authorized if a rational or a reasonable jury could find the defendant not guilty of the principal offense in the indictment, but guilty of the lesser-included offense."); *Smith v. State*, 797 So.2d 854, 855 (Miss. 2001) ("At trial, during closing argument by Smith's attorney, the bailiff prematurely called time before counsel could make his argument for the lesser offense of manslaughter.") ("This Court found that the defense attorney had "time to attempt to persuade the jury to acquit Smith of murder, but time was called before he could argue the lesser included offense of manslaughter.").

¶43.    Only recently has this dichotomy been addressed by our Legislature. As previously stated Miss. Code Ann. § 97-3-19 was amended to state that because manslaughter is now considered to be a lesser included offense of murder, an indictment for murder shall also serve as an indictment for any and all lesser included offenses, including, but not limited to, manslaughter. Senate Bill 2438, 2004 Miss. Laws ch. 393 (S.B. 2438).  Senate Bill 2438 states in pertinent part:

> **Section 1.    Section 97-3-19, Mississippi Code of 1972, is amended as follows:**
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
> 97-3-19 (3) An indictment for murder or capital murder shall serve as notice to the defendant that the indictment may include any and all lesser included offenses thereof, including, but not limited to, manslaughter.
>
> **Section 2.    Section 99-7-37, Mississippi Code of 1972, is amended as follows:**
> \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

99-7-37(2) An indictment for murder or capital murder shall be sufficient to also charge the lesser offense of manslaughter without a specific allegation of such lesser crime and without any necessity for an additional count charging such lesser crime.

**Section 3. Section 99-19-5, Mississippi Code of 1972, is amended as follows:**
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

99-19-5(2) For purposes of this section, manslaughter shall be considered a lesser included offense of murder and capital murder, and the jury may be properly instructed thereon, upon request by either party or upon the court's own motion, in any case in which the giving of such instruction would be justified by the proof, consistent with the wording of the applicable manslaughter statute.

¶44.    However, because this amendment is not retroactive, it does not apply to the case sub judice.

¶45.    On the other hand, it should be abundantly clear to the trial bench and bar that pursuant to clear legislative intent expressed via Senate Bill 2438, a murder indictment will unequivocally put any defendant on notice that he/she is also subject to being prosecuted for manslaughter, and that a properly worded manslaughter instruction may be given in any case in which such instruction is justified by the evidence.

¶46.    While I am pleased that the excellently written majority opinion clears up the confusion wrought by our initial decision in this case on October 9, 2003, I must respectfully dissent from today's majority opinion, because Judge Terry correctly applied the then-current law in granting a directed verdict and ending the case without allowing the State to go forward with a manslaughter prosecution.

**COBB, P.J., JOINS THIS OPINION.**